■ Norfolk & Dedham Mutual Fire Insurance Company, Appellant, v Jerome M. Petrizzi et al., Respondents, et al., Defendant.—Judgment, Supreme Court, New York County (Bowman, J., at nonjury trial), entered on October 16, 1985, which dismissed the complaint seeking a declaration that plaintiff has no duty to defend the insureds, and which, instead, declared that the plaintiff insurer is required to defend and indemnify the defendants, Jerome and Melanie Petrizzi, in a personal injury action now pending against them, reversed, on the law and the facts, and judgment entered in favor of plaintiff, declaring that plaintiff is not obligated to defend or indemnify defendants, without costs.

On September 13, 1982, Claire Hoffman, the mother of defendant Melanie Petrizzi, was allegedly injured when she was knocked over by the Petrizzis' dog while a visitor at their home. The injury was alleged to be a serious one, requiring "hip replacement". Defendant Jerome Petrizzi, an officer of an insurance brokerage firm, who is educated and experienced in the field of insurance, did not send notice of the occurrence to plaintiff, defendants' liability insurance carrier, until August 3, 1983. That notice was not received by plaintiff until August 8, 1983, almost 11 months after the occurrence. A summons and complaint in a personal injury action on behalf of Mrs. Hoffman was served upon the defendants on August 10, 1983, mailed by Mr. Petrizzi to plaintiff on August 15, 1983, and received by plaintiff on August 17, 1983. On September 7, 1983, plaintiff sent the defendants a letter, advising that it was reserving its rights, under the homeowner's insurance policy, to deny coverage for the claim. The reservation of rights was based upon an apparent breach of defendants' obligation under the policy to give prompt written notice of the accident.

Agents of the plaintiff attempted to contact the defendants on September 21, 1983. They were advised that Mrs. Petrizzi

had just given birth to a baby. They returned on October 5, 1983, interviewed Mrs. Petrizzi, and obtained a signed statement concerning the facts of the accident. Plaintiff commenced its action for a declaratory judgment by service of summons and complaint upon the Petrizzi defendants on October 21, 1983. It sought a declaration that it was not obliged to indemnify and defend the Petrizzis since they had failed to give timely notice of the claim. After trial, the court determined that the defendants had not met their obligations to plaintiff, under the insurance policy, to notify it promptly of a potential claim which might be covered. However, the court went on to hold that there had not been a proper notice of disclaimer of liability or denial of coverage under Insurance Law § 167 (8) (now § 3420 [d]). The court therefore found that the plaintiff was obligated to defend and indemnify the defendants under the liability policy. We disagree and reverse.

A letter from an insurance company to its policyholder which contains a reservation of the insurance company's rights to disclaim coverage under its policy is not such a notice of disclaimer as to satisfy the requirements of the Insurance Law. *(Allstate Ins. Co. v Gross,* 27 NY2d 263 [1970].) In the instant case, however, the commencement of the declaratory judgment action by plaintiff was sufficient written notice of disclaimer. *(Home Ins. Co. v Corcoran,* 65 NY2d 1035 [1985]), *revg for reasons stated in dissenting mem of Sullivan, J.,* 107 AD2d 561, 563-565 [1st Dept 1985].) It constitutes unequivocal, unambiguous written notice, properly served.

We must also consider whether the notice of disclaimer (the declaratory judgment action) by plaintiff was sent as soon as was reasonably possible. The issue of the timeliness of such a notice is a question of fact depending upon all of the facts and circumstances of the case. *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028 [1979].) While the court in that case held that an *unexplained* two-month delay between an insurance company's receipt of a notice of occurrence and its service of a disclaimer was unreasonable as a matter of law, it went on to observe that it was only in the exceptional case that the issue could be decided as a matter of law. The court there further stated that a two-month delay may often be easily justified. The *Hartford* case was submitted to the Supreme Court on an agreed statement of facts. That statement totally failed to address the reason for the delay in sending a notice of disclaimer.

In the instant case, the testimony at trial revealed that when agents of the plaintiff attempted to interview the defen-

dants they found that Mrs. Petrizzi had just become a mother. It cannot be said that the plaintiff's waiting for a more convenient time for Mrs. Petrizzi to be interviewed was unreasonable. Nor can it be said that it was unreasonable as a matter of law for the insurer to complete an investigation before deciding to disclaim. *(Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927, 928-929 [4th Dept 1979], *affd* 50 NY2d 958 [1980].) Concur—Kupferman, J. P., Sandler, Fein, Rosenberger and Wallach, JJ.