■ MOUNT VERNON FIRE INSURANCE COMPANY, Appellant, v GATESINGTON EQUITIES, INC., et al., Respondents. (And a Third-Party Action.) [611 NYS2d 893] —In an action for a judgment declaring that the plaintiff Mount Vernon Fire Insurance Company is not obligated to defend and indemnify the defendant Gatesington Equities, Inc., with respect to a personal injury action commenced against it by the defendant Vanessa Washington, the plaintiff appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated June 15, 1992, which, *inter alia,* granted the motion of defendant Gatesington Equities, Inc., for summary judgment declaring that the plaintiff was obligated to defend and indemnify it in the underlying action and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs payable to the respondent Vanessa Washington.

The defendant, Gatesington Equities, Inc. (hereinafter Gatesington), is the owner of a building located at 500 Washington Avenue in the borough of Brooklyn. On February 21, 1988, the defendant Vanessa Washington, entered the lobby of the building and allegedly suffered injuries while attempting to board the elevator. While it is conceded by all parties that the owner had knowledge of Ms. Washington's accident on February 21, 1988, the plaintiff and building's insurer, Mount Vernon Fire Insurance Company (hereinafter Mount Vernon) was not notified until July 25, 1988. Upon receipt of the first notification of loss, Mount Vernon's claims manager referred the matter to an investigator to determine whether Gatesington had breached the terms of its policy by failing to provide timely notice of the accident. The final investigative report is dated December 8, 1988, and was received by Mount Vernon no later than December 15, 1988. However, Mount Vernon took no steps to disclaim liability until commencement of this declaratory judgment action on February 13, 1989.

On appeal, Mount Vernon contends that the Supreme Court erred in denying its cross motion for summary judgment because the delay between Mount Vernon's receipt of the final investigative report and the disclaimer of liability is justified. We disagree. Insurance Law § 3420 (d) requires written notice of a disclaimer to be given "as soon as reasonably possible" after the insurer first learns of the grounds for disclaimer of liability or denial of coverage. It is well settled that an insurer will be estopped from disclaiming coverage based on an exclusion in a policy where it has delayed unreasonably in doing so *(see, Zappone v Home Ins. Co.,* 55 NY2d 131), and that it is the insurer's burden to explain its delay in notifying the insured of its disclaimer *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Matter of Blee v State Farm Mut. Auto. Ins. Co.,* 168 AD2d 615). The reasonableness of any delay in disclaiming coverage must be judged from that point in time when the insurer is aware of sufficient facts to issue a disclaimer *(see, Allstate Ins. Co. v Gross,* 27 NY2d 263).

Mount Vernon asserts that its delay was reasonable because (1) it did not receive a copy of Vanessa Washington's summons and complaint, dated August 11, 1988, until January 20, 1989, and (2) Mount Vernon did not receive a formal opinion from its coverage counsel until mid-January 1989. We reject these arguments. The date on which Mount Vernon received the summons and complaint did not in any way affect the already established fact that Gatesington waited over five months before it notified Mount Vernon of Washington's claim. Fur-

thermore, Mount Vernon's claims manager admitted that he alone made the final determination as to when to disclaim coverage. The December 8, 1988 investigative report contained sufficient facts to allow the claims manager to conclude that Gatesington had breached the notice provisions of the policy *(see, Mount Vernon Fire Ins. Co. v Unjar,* 177 AD2d 480).

Under these circumstances, we conclude that Mount Vernon failed to offer an adequate explanation for its delay in disclaiming coverage *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, *supra),* and thus it cannot take advantage of Gatesington's failure to provide timely notice *(see, New York Cent. Mut. Fire Ins. Co. v Markowitz,* 147 AD2d 461). Consequently, the Supreme Court properly granted Gatesington's motion for summary judgment and denied Mount Vernon's cross motion for summary judgment. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.