■ KATHERINE STABULES, Respondent, v AETNA LIFE & CAS. Co., Appellant, and STATE FARM FIRE & CAS. Co. et al., Respondents. [639 NYS2d 824] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 12, 1995, which confirmed a Special Referee's report finding Aetna's disclaimer of coverage untimely and ordered Aetna to defend and indemnify the individual defendants with regard to plaintiff's personal injury claim; and subsequent order of the same court and Justice, entered on or about July 20, 1995, which adhered to the prior ruling on Aetna's reargument motion, unanimously reversed, on the law, and judgment is directed to be entered declaring the disclaimer of coverage timely made, without costs.

Although the issue was vigorously contested before the Ref-

eree and is argued again before us, we assume, for purpose of this appeal, that on or about February 9, 1991, plaintiff gave notice to Aetna of her January 23, 1991 slip-and-fall accident which allegedly occurred on the individual defendants' premises. Because the insurance at issue was a "Homeowner's" policy, which specifically excluded rental property from liability coverage, Aetna disclaimed coverage by notice dated April 22, 1991, on the ground that the premises had been occupied in January 1991 by two separate tenant families. This is an action by the accident victim to enforce coverage from Aetna.

Most cases addressing the reasonableness of delay in disclaiming coverage involve something much more substantial than the 72 days at issue here. *(See, e.g., Allstate Ins. Co. v Macaluso,* 217 AD2d 424 [where a disclaimer served more than 19 months after the complaint in the underlying action was held unreasonable].)

The disposition of this case is to be guided by our decision in *Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi* (121 AD2d 276, *lv denied* 68 NY2d 611), wherein we found a two-month delay in sending a notice of disclaimer to have been reasonably justified. *(Cf., Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028 [wherein the Court of Appeals found a wholly unexplained delay of similar duration to be unreasonable as a matter of law].) Here, the delay—slightly more than two months—has been satisfactorily explained and justified by the failure of Aetna's computer tracking system to discover plaintiff's February notice of claim, and by the reasonable period of time required to complete the carrier's investigation of the claim. Concur— Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.