■ In the Matter of COLONIAL PENN INSURANCE COMPANY, Appellant, v LEONID A. PEVZNER, Respondent, and STATE FARM INSURANCE et al., Respondents. [698 NYS2d 310] —In a proceeding pursuant to CPLR article 75, *inter alia*, to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), dated November 24, 1998, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

The 41-day delay of the respondent State Farm Insurance (hereinafter State Farm) in disclaiming coverage for the vehicle of its insured, Chin Hasing L. Ng, based on his failure to provide it with timely notice of an accident, was unreasonable as a matter of law (*see, Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507). Its attempt to justify that delay is unpersuasive. Since insurance coverage for the Ng vehicle still exists, the petition to stay arbitration of the uninsured motorist claim of Leonid A. Pevzner should have been granted. Santucci, J. P., Thompson, Sullivan and Friedmann, JJ., concur.

■ In the Matter of the Estate of FRANK DESANTIS, Deceased. RICHARD DESANTIS et al., Appellants; ROSARIA DESANTIS et al., Respondents. [698 NYS2d 158] —In a proceeding to settle the account of the administrator of the estate of the decedent Frank DeSantis, the appeal is from a decree of the Surrogate's Court, Orange County (Slobod, S.), dated April 9, 1998, which settled the account.

Ordered that the decree is affirmed, with one bill of costs payable by the appellants personally to the respondents appearing separately and filing separate briefs.

The Surrogate properly refused to consider the appellants' objections to the administratrix's account, as those objections had not properly been served upon the administrator and then filed with the court (*see,* 22 NYCRR 207.41). Ritter, J. P., Santucci, Thompson and Joy, JJ., concur.