■ 2540 ASSOCIATES, INC., et al., Respondents-Appellants, v ASSICURAZIONI GENERALI, S.p.A., et al., Appellants-Respondents; et al., Defendant. [707 NYS2d 59] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about April 1, 1999, which, to the extent appealed from, as limited by the briefs, denied defendants-appellants-respondents' motion for summary judgment and granted the cross-motion of plaintiffs 2540 Associates, Inc. and Manhattan Management Associates, Inc. for summary judgment on the complaint seeking a declaration that the liability policy issued by defendant Assicurazioni Generali, S.p.A. was in effect, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied, and a declaration issued that the disclaimer of liability is valid and the complaint otherwise dismissed. The Clerk is directed to enter judgment accordingly.

This action arose out of a lawsuit for injuries sustained in a fall at premises owned by plaintiff 2540 Associates, Inc. and managed by plaintiff Manhattan Management Associates, Inc. (collectively, Associates). A summons and complaint was filed by the injured party by serving the Secretary of State on or about May 17, 1993. In 1996, plaintiffs made a claim under a policy of insurance issued by defendant Assicurazioni Generali, S.p.A. and administered by defendant Leone Claims Management, Inc. (collectively, Generali). After conducting an investigation, Generali disclaimed coverage. At issue is whether the disclaimer was timely and, if so, whether Associates is entitled to recover attorney's fees in connection with the denial of coverage. Supreme Court's finding that Associates is estopped to contest the untimeliness of its notice of claim based upon this Court's decision in *Zapater v 2540 Assocs.* (250 AD2d 508) is not contested.

The material facts are not in dispute. The insured disavowed either knowledge or receipt of the pleadings filed with the Secretary of State, maintaining that it learned of the lawsuit in the course of refinancing the property in 1996. Associates's claim was received by Generali on approximately November 12, 1996. On November 15, Generali sent a request to its investigator to determine when the insured became aware of the 1991 injury at its premises. On November 20, the investigator interviewed Associates's principal, who denied knowledge of the incident until June or July of 1996 and identified a person who might have been the building superintendent in September 1991. On December 18, 1996, the investigator spoke with the superintendent, who stated that he had learned about the accident the day after it happened. The investigator's report, which was received by Generali on December 30, 1996, resulted in a notice dated January 6, 1997, in which Generali disclaimed coverage on the ground that Associates failed to give notice of the claim as soon as practicable, as required by the contract of insurance.

On appeal, Generali contends that it issued a disclaimer promptly following receipt of the report by its investigator. Associates argues that a disclaimer issued two months after receipt of notice of claim is untimely as a matter of law.

While plaintiff is correct that a two-month delay in issuing a notice of disclaimer is unreasonable (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029), the moment from which the timeliness of an insurer's disclaimer is measured is the date on which it first receives information that would disqualify the claim, not the date on which it receives the insured's notice of

claim (*Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056). Delay in providing notice to the insurer is a sufficient basis for disclaimer (*supra*, at 1055; *Jenkins v Burgos*, 99 AD2d 217, 219-220).

Associates suggests that the information provided by its principal, reported to Generali on December 6, 1996, rendered further investigation superfluous and contends that the disclaimer, issued one month later, "is unreasonable and thus foreclosed the insurer from disclaiming its liability" (citing *Wright v Wright*, 35 AD2d 895, *lv denied* 28 NY2d 483; *Appell v Liberty Mut. Ins. Co.*, 22 AD2d 906, *affd* 17 NY2d 519). However, Associates originally sent the notice of claim to its insurance broker in or about June 1996, and the broker sent the notice of claim to the New York State Liquidation Bureau.

It is settled that an insurance broker is the agent of the insured (*Brown v Poritzky*, 30 NY2d 289, 292-294). Knowledge that the insured had notice of the incident at the time the papers were misrouted by its agent, whether imputed to the insurer on the date such knowledge was acquired by its investigator or on the date the insurer first received the notice of claim, cannot be regarded, variously, as an excuse for late receipt of notice by the insurer and as grounds for its immediate denial of coverage. Notable is that the investigator did not learn of the superintendent's contemporaneous knowledge of the accident until December 18, 1996. Even measured from that date and not the date the investigator's report was submitted to the insurer, the reasonableness of the delay in issuing the disclaimer on January 6, 1997 would present merely a question of fact whether it was timely in light of the insurer's "prompt, diligent and good faith investigation of the claim" (*Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144, 145; *see also, Allstate Ins. Co. v Aetna Cas. & Sur. Co.*, 191 AD2d 665, 666, *lv denied and dismissed* 82 NY2d 744). Moreover, the notice of disclaimer was issued one week after receipt of the investigator's final report, and Associates has offered no authority suggesting that the passage of one week presents any issue of timeliness to require submission of the issue to a trier of fact. An insurer's justification for denying coverage is strictly limited to those grounds stated in the notice of disclaimer (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862; *Appell v Liberty Mut. Ins. Co., supra*) and, as a matter of policy, reasonable investigation is preferable to piecemeal disclaimers (*Wilczak v Ruda & Capozzi*, 203 AD2d 944, 945; *see also, U. S. Underwriters Ins. Co. v Congregation B'Nai Israel*, 900 F Supp 641, 649 [ED NY 1995], *affd* 101 F3d 685 [2d Cir 1996]). Concur—Williams, J. P., Ellerin, Rubin and Saxe, JJ.