■ NORTH COUNTRY INSURANCE COMPANY, Respondent-Appellant, v RICHARD J. TUCKER et al., Appellants-Respondents. [709 NYS2d 255] —Carpinello, J. Cross appeals from an order of the Supreme Court (Lahtinen, J.), entered July 15, 1999 in Franklin County, which denied the parties' motions for summary judgment.

Defendant Richard J. Tucker (hereinafter Tucker) owns property in the Town of Burke, Franklin County, where he resides and operates an automobile salvage business and repair shop. On September 2, 1997, Tucker's grandsons, Kevin Taylor, Bobby Taylor and Christopher Tucker, then ages 12, 13 and 16, respectively, were seriously injured on the premises when Christopher attempted to remove a gas tank on a vehicle with a blow torch. In January 1998, the parents of Kevin and Bobby (defendants Ronald A. Taylor and Beverly A. Taylor) commenced a negligence action against Tucker to recover for the injuries sustained by their sons in the explosion. Shortly thereafter, plaintiff, Tucker's homeowner insurance carrier, issued a reservation of rights letter.

Notably, at examinations before trial of Tucker, Kevin and Bobby held on August 22, 1998, it was established that the boys were injured while working for Tucker in the course of his automobile salvage business. Tucker testified that the vehicle in question was being dismantled by his grandsons because a customer had come to his shop approximately one hour before the accident wanting to purchase its rear portion. Tucker further testified that the boys had been working for him all summer and had been paid on a weekly basis. Kevin and Bobby similarly testified that they worked for Tucker that summer, that they were working on the day in question and that Christopher was cutting the bolts of the gas tank because a

customer wanted to purchase the rear portion of the vehicle the following day.

After all discovery was completed in the underlying negligence action and a February 24, 1999 note of issue was filed, plaintiff commenced the instant declaratory judgment action on March 20, 1999 seeking a declaration that it was not obligated to indemnify Tucker under the policy based on an exclusion contained therein for "activities related to the business of an insured." No written disclaimer has ever been issued. At issue on appeal is Supreme Court's order denying defendants' motions for summary judgment dismissing the complaint. Defendants contend that plaintiff should be precluded from disclaiming coverage because its delay in disclaiming was unreasonable as a matter of law.

Insurance Law § 3420 (d) requires that an insurer notify its insured of an intent to disclaim liability or deny coverage "as soon as is reasonably possible" after it first learns of the accident or the grounds for the disclaimer of liability or the denial of coverage (see, *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029). Failure to comply with the statutory requirement renders any disclaimer ineffectual (*see, id.*). Here, it is undisputed that plaintiff had "strong suspicions" that the subject accident related to Tucker's business activities on the property by, at the very latest, January 4, 1998 when the underlying negligence action was commenced. It is further undisputed that plaintiff had actual knowledge that the subject accident related to Tucker's business activities by the late August 1998 depositions.[1] Notwithstanding, plaintiff failed to disclaim until it filed the instant action some seven months later.

Plaintiff attempts to justify this delay by asserting that although it knew as of late August 1998 that the gas tank was being removed in connection with Tucker's salvage business, it nevertheless wanted to wait for discovery to be completed before making a decision on whether to disclaim. Specifically, plaintiff claims that it was waiting for two "main" witnesses to be deposed. To be sure, "the reasonableness of any delay in disclaiming must be judged from the time that *the insurer is aware of sufficient facts to disclaim*" (*Matter of State Farm Mut. Auto. Ins. Co. [Merrill]*, 192 AD2d 824, 826 [emphasis

---

1. As expressly noted by plaintiff's counsel in his affidavit in opposition to the motions for summary judgment, "a review of the E.B.T. testimony of * * * Tucker [ ] clearly shows that the accident that forms the basis of the underlying action herein arose, directly or indirectly, from his business activities."

supplied]; *see, Mohawk Minden Ins. Co. v Ferry*, 251 AD2d 846, 847). Given the unequivocal evidence which surfaced by late August 1998 that the accident fell squarely within the exclusion under the policy, the fact that additional discovery was intended in the underlying negligence action does not constitute a reasonable excuse or explanation for the subsequent seven-month delay in disclaiming. Said differently, the fact that additional discovery was outstanding did not negate the fact that plaintiff *first* learned of the ground for disclaimer in August 1998. Since the length of delay was significant and the reason for same unpersuasive, we find that plaintiff is obligated to defend and indemnify Tucker with respect to the underlying negligence action (*see, e.g., Matter of Interboro Mut. Indem. Ins. Co. v Rivas*, 205 AD2d 536; *Allstate Ins. Co. v Centennial Ins. Co.*, 187 AD2d 690; *Progressive Cas. Ins. Co. v Conklin*, 123 AD2d 6).[2]

Crew III, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied motions for summary judgment by defendants Richard J. Tucker, Ronald A. Taylor and Beverly A. Taylor; said motions granted, summary judgment awarded to said defendants, it is declared that plaintiff must defend and indemnify defendant Richard J. Tucker in the underlying negligence action and matter remitted to the Supreme Court for a determination of costs and counsel fees to defendant Richard J. Tucker; and, as so modified, affirmed.

---

2. As to plaintiff's specific claim that it was waiting for two "main" witnesses to be deposed, we note that one of these witnesses was not even on the premises when the accident occurred so it is difficult to discern how his deposition testimony might weigh into any decision to disclaim. Furthermore, the other "main" witness—Christopher—was deposed on December 19, 1998, at which time he confirmed that this accident occurred in connection with Tucker's salvage business. Thus, even if we were to find that his pending deposition somehow justified plaintiff's decision to delay any disclaimer—which we do not under the circumstances of this case—the three months that thereafter elapsed before commencement of this action was also an unreasonable delay as a matter of law.