■ CITY OF NEW YORK, Appellant-Respondent, v NORTHERN INSURANCE COMPANY OF NEW YORK, Respondent-Appellant. [725 NYS2d 374] —In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify

the plaintiff in an underlying personal injury action entitled *Caldas v City of New York* pending in the Supreme Court, New York County, under Index No. 127092/94, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated March 27, 2000, as denied its motion for summary judgment, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is obligated to defend and, if necessary, indemnify the plaintiff and reimburse the plaintiff for all past defense costs in the underlying personal injury action; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded by one bill of costs.

The plaintiff, the City of New York (hereinafter the City), as an additional insured of the defendant, Northern Insurance Company of New York (hereinafter Northern), made a claim under the insurance policy at issue. The City's notice showed that it was aware of the occurrence for over 16 months before notifying Northern, and the City offered no excuse for the failure to notify Northern earlier. As a result, Northern disclaimed coverage.

However, Northern's two-month delay in disclaiming coverage was unreasonable as a matter of law, as the ground for the disclaimer was obvious on the face of the City's notice of claim. Northern's attempt to justify its delay in disclaiming coverage on the ground that it had to investigate whether the City was an additional insured is, in this instance, an insufficient excuse as a matter of law, as such an investigation was unrelated to the reason for the disclaimer and could have been asserted at any time. Thus, the City should have been granted summary judgment (*see, Mount Vernon Fire Ins. Co. v Gatesington Equities,* 204 AD2d 419; *cf., 2540 Assocs. v Assicurazioni Generali,* 271 AD2d 282; *see also, Zappone v Home Ins. Co.,* 55 NY2d 131).

Since this is an action for a declaratory judgment, the matter is remitted for the entry of a judgment declaring that Northern is obligated to defend and, if necessary, indemnify the City and to reimburse it for all past defense costs in the underlying personal injury action (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The parties' remaining contentions are either without merit or need not be reached in light of this determination. Altman, J. P., Florio, Schmidt and Smith, JJ., concur.