LINDA M. BUTTENSCHON, Respondent-Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant-Respondent. [737 NYS2d 190] —Appeal and cross appeal from an order of Supreme Court, Jefferson County (Gilbert, J.), entered November 29, 2000, which, inter alia, denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion, dismissing the second affirmative defense and granting judgment in favor of plaintiff as follows: "It is ADJUDGED and DECLARED that defendant is required to provide supplementary uninsured motorist coverage to plaintiff" and as modified the order is affirmed with costs to plaintiff.

Memorandum: Plaintiff commenced this declaratory judgment action seeking a declaration that defendant is required to provide supplementary uninsured motorist (SUM) coverage to plaintiff. Plaintiff moved, inter alia, for summary judgment on the grounds that she had provided timely notice of her claim for such coverage and that defendant's disclaimer of SUM coverage was untimely as a matter of law. Defendant cross-moved, inter alia, for summary judgment dismissing the complaint on the ground that plaintiff failed to provide timely notice of her claim. Supreme Court denied the motion and cross motion, determining that there was an issue of fact whether plaintiff had a reasonable excuse for her delay in providing notice. We conclude that the court erred in denying plaintiff's motion. Plaintiff established her entitlement to judgment as a matter of law by establishing that defendant failed to disclaim coverage "as soon as is reasonably possible" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029, *rearg denied* 47 NY2d 951), and defendant failed to raise an issue of fact by providing an explanation for the 79-day delay in disclaiming coverage. Defendant therefore is precluded from disclaiming SUM coverage (*see, Hartford Ins. Co. v County of Nassau, supra* at 1029-1030). "A disclaimer without explanation made more than two months after a demand for coverage is untimely as a matter of law" (*Nuzzo v Griffin Tech.*, 222 AD2d 184, 188, *lv dismissed* 89 NY2d 981, *lv denied* 91 NY2d 802). Thus, we modify the order by granting plaintiff's motion, dismissing the second affirmative defense and granting judgment in favor of plaintiff declaring that defendant is required to provide SUM coverage to plaintiff. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.