■ PETER C. MCGINNIS, as Guardian ad Litem of RAUL POUPART, JR., an Infant, Appellant, v JO'ANN MANDRACCHIA et al., Defendants, and ALLSTATE INSURANCE COMPANY, Respondent. [739 NYS2d 160] —In an action, inter alia, for a judgment declaring that the defendant Allstate Insurance Company is obligated to defend and indemnify the defendants Jo'Ann Mandracchia and Raul Poupart, Sr., in an underlying personal injury action entitled *McGinnis v Mandracchia* pending in the Supreme Court, Dutchess County, under Index No. 5414/93, the plaintiff appeals from (1) an order of the same court (Marlow, J.), dated March 20, 2001, which granted the motion of the defendant Allstate Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and denied his cross motion for summary judgment, and (2) a judgment of the same court dated May 18, 2001, entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the cross motion is granted, the order dated March 20, 2001, is vacated, and it is declared that the defendant Allstate Insurance Company is obligated to defend Jo'Ann Mandracchia and Raul Poupart, Sr., in the underlying personal injury action, and to pay any resulting judgment up to the limit of its insurance coverage, or pay any default judgment against Jo'Ann Mandracchia and Raul Poupart, Sr., up to the limit of its insurance coverage; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The infant Raul Poupart, Jr., allegedly was injured on August 17, 1992, when he was riding in a vehicle operated by the defendant Raul Poupart, Sr., and owned by the defendant Jo'Ann Mandracchia. The vehicle was insured by the defendant Allstate Insurance Company (hereinafter Allstate). On February 25, 1993, the plaintiff, as guardian of the infant, notified Allstate of the accident. Upon receipt of the notification of the accident, Allstate undertook an investigation as to whether an accident actually occurred on August 17, 1992. On May 20, 1993, Allstate attempted to disclaim coverage on the grounds that it had received late notice of the accident and

that the infant's injuries did not occur as a result of an automobile accident. Subsequently, the infant obtained a judgment in the sum of $25,000 against Jo'Ann Mandracchia and Raul Poupart, Sr., with the trial court finding that the infant sustained his injuries as a result of the accident.

The plaintiff commenced the instant action seeking a judgment declaring that Allstate was obligated to defend and indemnify the defendants Jo'Ann Mandracchia and Raul Poupart, Sr., in the underlying personal injury action. After a hearing, the Supreme Court determined that Allstate's 85-day delay in disclaiming liability was reasonable under all of the circumstances.

The plaintiff contends that the Supreme Court erred in denying his cross motion for summary judgment because the delay between Allstate's receipt of the notification of the accident and its disclaimer of liability was unreasonable as a matter of law. We agree.

Insurance Law § 3420 (d) requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer first learns of the grounds for disclaimer of liability (*see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507). Allstate's 85-day delay in disclaiming coverage was unreasonable as a matter of law, as the basis alleged for the disclaimer was obvious on the face of the plaintiff's notification. Allstate's attempt to justify its delay on the ground that it had to investigate whether the infant was injured in an automobile accident is, in this instance, an insufficient excuse as a matter of law, as that investigation was unrelated to the reason for the disclaimer based on late notice and could have been asserted at any time (*cf., Zappone v Home Ins. Co.,* 55 NY2d 131). Thus, the plaintiff should have been granted summary judgment (*see, City of New York v Northern Ins. Co. of N.Y.,* 284 AD2d 291; *Mount Vernon Fire Ins. Co. v Gatesington Equities,* 204 AD2d 419). Santucci, J.P., Feuerstein, Krausman and Luciano, JJ., concur.