■ Uptown Whole Foods, Inc., Respondent, v Liberty Mutual Fire Insurance Company, Appellant. [756 NYS2d 251] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an action entitled *Willis v Whole Foods, Inc.,* pending in the Supreme Court, Bronx County, under Index No. 22386/97, the defendant appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), entered January 11, 2002, which denied its cross motion for summary judgment and granted the plaintiff's motion for summary judgment, and a judgment of the same court, entered March 1, 2002, which, upon the order, declared that it is obligated to defend and indemnify the plaintiff in the underlying action. The notice of appeal from the order entered January 11, 2002, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]). The appeal brings up for review so much of an order of the same court, entered June 19, 2002, as, upon reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order entered January 11, 2002, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order entered June 19, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order entered January 11, 2002, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On May 27, 1997, Beverly Willis sustained injuries in a fall outside the premises of Uptown Whole Foods, Inc. (hereinafter

Uptown), and brought an action to recover damages for her personal injuries in September 1997 (hereinafter the Willis action). On December 24, 1997, Willis moved for leave to enter judgment on default and an assessment of damages. The motion was granted in February 1998. Uptown denies being served with the summons and complaint or any subsequent papers.

The summons and complaint was discovered lying in the area of a cash register by Uptown's general manager in April 1998. Uptown's president notified Liberty Mutual Fire Insurance Company (hereinafter Liberty) by written notice dated May 4, 1998, and sought coverage under a certain insurance policy. On May 27, 1998, Liberty's claims adjuster spoke with the plaintiff's attorney in the Willis action, who advised Liberty that the summons and complaint had been served and that a judgment was obtained after the defendant failed to appear or answer. On June 8, 1998, Liberty received copies of the summons and complaint, affidavit of service, and order granting a motion for leave to enter judgment on default from the plaintiff's attorney in the Willis action. On August 4, 1998, Liberty disclaimed coverage on the ground of late notice.

Insurance Law § 3420 (d) requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer learns of the grounds for disclaimer of liability (*see Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028 [1979]; *McGinnis v Mandracchia,* 291 AD2d 484 [2002]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507 [1993]). Liberty's 57-day delay in disclaiming coverage on August 4, 1998, was unreasonable as a matter of law, as the basis alleged for the disclaimer was obvious on the face of the summons and complaint, affidavit of service, and the order granting the motion for leave to enter judgment on default received on June 8, 1998, directly from counsel in the Willis action. Liberty's attempt to justify its delay on the ground that it had to investigate the claim was an insufficient excuse as a matter of law. The investigation was unrelated to the disclaimer based on late notice, which could have been asserted at any time after it received copies of the documents on June 8, 1998 (*see McGinnis v Mandracchia, supra; West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.,* 290 AD2d 278 [2002], *lv denied* 98 NY2d 605 [2002]; *City of New York v Northern Ins. Co. N.Y.,* 284 AD2d 291 [2001]). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.