**NEW YORK UNIVERSITY, Gavin Hanna, Defendants,**

**Jetco Contracting Corp., Third-Party-Defendant-Counter-Claimant-Cross-Defendant-Appellant,**

**v.**

**FIRST FINANCIAL INSURANCE COMPANY, Plaintiff–Counter–Defendant–Appellee,**

**Kelly & Kelley Brokerage, Inc., Admiral Insurance Company, Royal Insurance Company of America, G.L.N. Worldwide, Ltd, The NIA Group, LLC, Rockledge Scaffolding Corp., Third–Party–Defendants.**

**No. 01–9455.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 26, 2003.

Question certified to the New York Court of Appeals: March 18, 2003.

---

Joseph P. Dineen, Goddard Ronan & Dineen, LLP, Garden City, New York, for Third–Party–Defendant-Counter-Claimant-Cross-Defendant-Appellant.

Jay S. Bielat, Nicoletti Gonson & Bielat, LLP (Edward S. Benson, on the brief), New York, New York, for Plaintiff–Counter–Defendant–Appellee.

Before: STRAUB and RAGGI, Circuit Judges.*

STRAUB, Circuit Judge.

Third–Party–Defendant–Counter–Claimant–Cross–Defendant–Appellant Jetco Contracting Corp. ("Jetco") appeals

---

* Judge Robert A. Katzmann, originally a member of the panel, recused himself subsequent to oral argument, and the appeal is being disposed of by the remaining members of the panel, who are in agreement.2d Cir. R. § 0.14(b).

from the November 30, 2001 judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*) granting, following a bench trial, declaratory relief in favor of Plaintiff–Counter–Defendant–Appellee First Financial Insurance Company ("First Financial"), and declaring that the commercial general liability insurance policy issued by First Financial to Jetco does not provide coverage for the personal injury claim filed against Jetco by a subcontractor's employee. In so concluding, the District Court found that First Financial had not violated N.Y. Ins. Law § 3420(d)—which requires certain liability insurers to provide an insured with written notice of disclaimer of liability or denial of coverage "as soon as is reasonably possible"—because First Financial's 48–day delay in notifying Jetco of denial of coverage resulted from First Financial's investigation into alternate, third-party sources of insurance benefitting Jetco, and such investigations should be encouraged as a matter of public policy.[1]

Because the reasonable timeliness of notice under N.Y. Ins. Law § 3420(d) is an issue that is likely to recur and involves important public policy considerations for the State of New York, we believe it prudent respectfully to certify the following two questions to the New York Court of Appeals:

1. Under N.Y. Ins. Law § 3420(d), may an insurer who has discovered grounds for denying coverage wait to notify the insured of denial of coverage until after the insurer has conducted an investigation into alternate, third-party sources of insurance benefitting the insured, although the existence or non-existence of alternate insurance sources is not a factor in the insurer's decision to· deny coverage?

2. If an investigation into alternate sources of insurance is not a proper basis for delayed notification under N.Y. Ins. Law § 3420(d), is an unexcused delay in notification of 48 days unreasonable as a matter of law under § 3420(d)?

## BACKGROUND

In the spring of 1998, New York University ("NYU") hired Jetco to perform facade restoration on one of its buildings located near Washington Square Park in Manhattan. Gavin Hanna ("Hanna"), an employee of Jetco's scaffolding subcontractor—Rockledge Scaffolding Corporation—was allegedly injured on July 9, 1998 after being stricken in the face by falling scaffolding during the course of his duties at the construction site. The president and general manager of Jetco, Richard Franco, learned immediately of the incident and visited the site that same day. As a result of his alleged injuries, Hanna brought suit against Jetco and NYU in the New York Supreme Court for Bronx County on or about January 6, 1999, asserting claims for negligence and under various state labor statutes ("the Hanna suit").

At all relevant times, Jetco maintained a commercial general liability insurance policy with First Financial ("the Policy"). The Policy imposed a duty on First Financial to defend and indemnify Jetco against personal injury suits; that duty, however, was conditioned on Jetco notifying First Finan-

---

**1.** N.Y. Ins. Law § 3420(d) provides in full:

If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

cial "as soon as practicable of an 'occurrence' or an offense which may result in a claim" of liability. Notwithstanding the existence of this notice-of-occurrence provision, neither Franco nor anyone else at Jetco notified First Financial of Hanna's injury until February 23, 1999—over seven months after the accident.

First Financial responded by reserving its right to deny coverage based on Jetco's non-compliance with the Policy's notice-of-occurrence provision, and by authorizing R.M.G. Investigations, Inc. ("RMG") to serve as First Financial's representative and investigator in respect of the Hanna suit. On March 30, 1999, RMG investigator Anthony Galizia interviewed Franco and thereby confirmed that Franco, and thus Jetco, had known of Hanna's injury since the date it occurred. However, First Financial did not notify Jetco of its decision to deny coverage based on the Policy's notice-of-occurrence provision until May 17, 1999—48 days after RMG, acting in its capacity as First Financial's representative, discovered grounds for denial of coverage.[2]

## PROCEDURAL HISTORY

In the instant action, First Financial seeks a declaratory judgment that the Pol-

icy does not cover Jetco for the Hanna suit. The District Court conducted a bench trial principally directed at two factual issues: (1) whether Jetco's seven-month delay in notifying First Financial of Hanna's injury was unreasonable and therefore a violation of the Policy's notice-of-occurrence provision, and (2) whether First Financial's 48-day delay in notifying Jetco of denial of coverage was unreasonable and therefore a violation of N.Y. Ins. Law § 3420(d). After resolving both issues in First Financial's favor, *see First Fin. Ins. Co. v. Jetco Contracting Corp.*, 202 F.Supp.2d 13 (S.D.N.Y.2001), the District Court entered judgment for First Financial on November 30, 2001.[3]

On appeal, Jetco does not challenge the District Court's finding that Jetco violated the Policy's notice-of-occurrence provision; Jetco challenges only the finding that First Financial's delay in notifying Jetco of denial of coverage was reasonable under N.Y. Ins. Law § 3420(d). First Financial argued at trial that it delayed 48 days in issuing its denial of coverage in order to complete an investigation into additional, third-party sources of insurance benefitting Jetco. When cross-examined by counsel for Jetco, however, all of First Financial's witnesses testified that First Financial's decision to deny Jetco coverage

---

**2.** The District Court properly characterized First Financial's delay in notification as commencing on March 30, 1999—the date Galizia interviewed Franco—because (a) "[t]he timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage," *In re Allcity Ins. Co. v. Jimenez*, 78 N.Y.2d 1054, 1056, 576 N.Y.S.2d 87, 581 N.E.2d 1342 (1991), and (b) "[t]he general rule is that knowledge acquired by an agent acting within the scope of his agency is imputed to his principal and the latter is bound by such knowledge although the information is never actually communicated to it," *Center v. Hampton Affiliates*, 66

N.Y.2d 782, 784, 497 N.Y.S.2d 898, 488 N.E.2d 828 (1985).

**3.** First Financial could succeed in its action against Jetco only by prevailing on both of the factual issues at trial because an insurer cannot deny coverage if it delays unreasonably in issuing its denial, even if the insured has itself delayed unreasonably in notifying the insurer of the occurrence. *See Allcity Ins. Co.*, 78 N.Y.2d at 1056, 576 N.Y.S.2d 87, 581 N.E.2d 1342 ("[A]n insurer who fails to timely disclaim liability or deny coverage 'as soon as is reasonably possible,' when required by Insurance Law § 3420(d), waives its affirmative defense of late notice." (internal citations omitted)).

under the Policy had no relation to and was not influenced by the existence or non-existence of additional insurance sources.

The District Court ultimately concluded that First Financial's 48–day delay was reasonable because First Financial's investigation into alternate sources of insurance "was clearly for Jetco's benefit" and thus, as a policy matter, should be encouraged. 202 F.Supp.2d at 16. This was so even though First Financial would have denied Jetco coverage under the Policy regardless of the existence of alternate insurance sources benefitting Jetco. In the District Court's view, if N.Y. Ins. Law § 3420(d) were interpreted as prohibiting an insurer from waiting to notify an insured of denial of coverage until after the insurer has conducted an alternate source investigation, insurance companies would always be forced "to disclaim coverage before seeking additional sources of coverage." *Id.* Such a result would be unacceptable, according to the District Court, because an insurer that has already issued a notice of denial of coverage would have no financial incentive to identify additional sources of insurance benefitting the insured. Accordingly, the District Court entered judgment in favor of First Financial.

## DISCUSSION

Any discussion of N.Y. Ins. Law § 3420(d) must begin with *Hartford Ins. Co. v. County of Nassau,* 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979), the leading decision by the New York Court of Appeals interpreting that provision. *Hartford* involved an insurer's unexplained two-month delay in providing an insured with notice of denial of coverage. The court held that:

> Normally the question whether a notice of disclaimer of liability of denial of coverage has been sent 'as soon as is reasonably possible' is a question of fact

which depends on all the facts and circumstances, especially the length of and the reason for the delay. It is only in the exceptional case that it may be decided as a matter of law. Where, however, as here, there is absolutely no explanation for the delay provided by the insurer, a delay of two months is, as a matter of law, unreasonable.

*Id.* at 1030, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (internal citation omitted). *Hartford* leaves unanswered, however, two key questions relevant to this appeal: (1) what constitutes a sufficient reason for an insurer's delay in notification under N.Y. Ins. Law § 3420(d), and (2) whether an unexcused delay of less than two months may be deemed unreasonable as a matter of law.

## I. Sufficiency of the Excuse

■ Under New York law, it is clear that insurers are afforded the opportunity to investigate an insured's claim in order to determine whether coverage is appropriate. New York courts accordingly have found that an insurer's general need to conduct such investigations in a thorough manner constitutes a sufficient reason for delayed notification. *See, e.g., 2540 Assocs. Inc. v. Assicurazioni Generali,* 271 A.D.2d 282, 707 N.Y.S.2d 59, 61 (1st Dep't 2000) (delay reasonable because of insurer's need to conduct a "prompt, diligent and good faith investigation of the claim" (internal quotation marks and citation omitted)); *DeSantis Bros. v. Allstate Ins. Co.,* 244 A.D.2d 183, 664 N.Y.S.2d 7, 8 (1st Dep't 1997) (delay reasonable because of need to review 500–page file and conduct legal research); *Aetna Cas. & Sur. Co. v. Brice,* 72 A.D.2d 927, 422 N.Y.S.2d 203, 206 (4th Dep't 1979) (delay reasonable due to insurer's difficulty gathering evidence because all those involved in accident had been killed).

Courts have also concluded that notification delays are reasonable when an external factor beyond the insurer's control unexpectedly interferes with the insurer's ability to investigate the claim in a timely fashion. For example, in *Stabules v. Aetna Life & Cas. Co.*, 226 A.D.2d 138, 639 N.Y.S.2d 824, 825 (1st Dep't 1996), the First Department held that the failure of the insurer's computer tracking system to discover the insured's notice of its claim excused the insurer's delay in notification. *See also Norfolk & Dedham Mut. Fire Ins. Co. v. Petrizzi*, 121 A.D.2d 276, 503 N.Y.S.2d 51, 52 (1st Dep't 1986) (delay reasonable where insurer delayed interview because insured had just given birth); *cf. Interboro Mut. Indem. Ins. Co. v. Gatterdum*, 163 A.D.2d 788, 558 N.Y.S.2d 749, 750–51 (3rd Dep't 1990) (noting that "the inability to promptly investigate the incident may provide a justification for a brief delay in disclaimer").

By contrast, courts have deemed insurers' explanations for delayed notification insufficient where the basis for denying coverage was or should have been readily apparent to the insurer even before the onset of the delay. *See, e.g., Firemen's Fund Ins. Co. of Newark v. Hopkins*, 88 N.Y.2d 836, 837–38, 644 N.Y.S.2d 481, 666 N.E.2d 1354 (1996) (delay unreasonable because insurer should have been aware of the basis for disclaimer upon receipt of insured's notice of claim); *Wasserheit v. N.Y. Cent. Mut. Fire Ins. Co.*, 271 A.D.2d 439, 705 N.Y.S.2d 638, 640 (2d Dep't 2000) ("Where the ground for disclaiming coverage should have been readily apparent to the carrier when it first received notice of the claim, the requirement of timely notice is particularly applicable."); *North Country Ins. Co. v. Tucker*, 273 A.D.2d 683, 709 N.Y.S.2d 255, 257 (3d Dep't 2000) (delay unreasonable because insurer did not need to hear certain witnesses' testimony before disclaiming coverage where there was al-ready sufficient evidence that accident fell squarely within policy exclusion); *Mount Vernon Fire Ins. Co. v. Gatesington Equities*, 204 A.D.2d 419, 611 N.Y.S.2d 893, 895 (2d Dep't 1994) (delay unreasonable because insurer did not need to wait for formal opinion of coverage counsel; claims manager alone made final determination as to when to disclaim coverage).

The principle developed in these cases has been reformulated by the Second Department as follows: Because any added information that the insurer could have learned from further investigation did not affect the insurer's decision to deny coverage in the first place, any delay in notification based on such extra investigation is unreasonable as a matter of law. *See McGinnis v. Mandracchia*, 291 A.D.2d 484, 739 N.Y.S.2d 160, 162 (2d Dep't 2002); *City of N.Y. v. Northern Ins. Co. of N.Y.*, 284 A.D.2d 291, 725 N.Y.S.2d 374 (2d Dep't 2001).

Jetco argues on appeal, not without force, that the reasoning of *McGinnis* and *Northern Insurance* is persuasive here. In *McGinnis*, the insurer attempted to justify its 85–day delay in notification on the ground that it needed the extra time to investigate whether the insured was actually injured in the accident. The Second Department held that this explanation was insufficient as a matter of law because, regardless of the veracity of the insured's injury, the insurer sought to deny coverage based on the insured's lateness in submitting his claim and thus the insurer's purported investigation "was unrelated to the reason for the disclaimer based on late notice and could have been asserted at any time." 739 N.Y.S.2d at 162. The same reasoning obtained in *Northern Insurance*, a case in which the insurer pointed to its investigation into whether the insured was really an additional insured under the subject policy. The Second Department con-

cluded that such an investigation was insufficient as a matter of law to excuse the insurer's two-month delay because the insured's status as an additional insured "was unrelated to the reason for the disclaimer"—the insured's non-compliance with a notice-of-occurrence requirement—and therefore "could have been asserted at any time." 725 N.Y.S.2d at 374.

Below, the District Court apparently recognized that the existence or non-existence of additional insurance sources benefitting Jetco was unrelated to First Financial's decision to deny coverage under the Policy. The District Court nevertheless identified an independent policy interest served by additional source investigations that had not been implicated in prior cases: protecting the insured to the greatest extent possible by promoting an insured's access to insurance, whatever the source. Because tension necessarily arises between an insurer and insured once the insurer gives notice of denial of coverage, the District Court reasoned that the above policy interest would most effectively be furthered if insurers are permitted under N.Y. Ins. Law § 3420(d) to conduct additional source investigations prior to denying coverage.

■ Rather than decide for ourselves in the first instance the significant and novel public policy question of additional source investigations in the context of notification under N.Y. Ins. Law § 3420(d), we respectfully defer to the New York Court of Appeals. Such a result is especially prudent given the likely recurrence of this issue in many if not most insurance coverage disputes. Moreover, the resolution of this issue requires consideration and balancing of the interests of New York's insureds and insurance companies—a task best handled by that state's highest court. We thus certify to the New York Court of Appeals the following question: Under N.Y. Ins. Law § 3420(d), may an insurer who has discovered grounds for denying coverage wait to notify the insured of denial of coverage until after the insurer has conducted an investigation into alternate, third-party sources of insurance benefitting the insured, although the existence or non-existence of alternate insurance sources is not a factor in the insurer's decision to deny coverage?

## II. Unexcused 48–Day Delay—Unreasonable as a Matter of Law?

Even in the event that additional source investigations are deemed an impermissible basis for delay under N.Y. Ins. Law § 3420(d), we must still decide whether in this case the resulting unexcused (or at least inadequately excused) delay of 48 days by First Financial is unreasonable as a matter of law. To be sure, the New York Court of Appeals has held that unexcused delays of 60 days or more are unreasonable as a matter of law. *Hartford,* 46 N.Y.2d at 1030, 416 N.Y.S.2d 539, 389 N.E.2d 1061. There remains some ambiguity, however, as to whether the unreasonableness of a delay as a matter of law is gauged from the length of the delay, or by the lack of explanation by the insurer, or by both.

New York courts seem to be in general agreement that a delay in notification by an insurer is unreasonable as a matter of law when the delay is both two months or longer *and* unexplained *See, e.g., Buttenschon v. State Farm Mut. Auto. Ins. Co.,* 291 A.D.2d 864, 737 N.Y.S.2d 190, 190–91 (4th Dep't 2002); *Agoado Realty Corp. v. United Int'l Ins. Co.,* 260 A.D.2d 112, 699 N.Y.S.2d 335, 340 (1st Dep't 1999); *Ward v. Corbally, Gartland & Rappleyea,* 207 A.D.2d 342, 615 N.Y.S.2d 430, 432 (2d Dep't 1994); *U.S. Liability Ins. Co. v. Staten Island Hosp.,* 162 A.D.2d 445, 556 N.Y.S.2d 153, 155 (2d Dep't 1990).

Yet, some courts have interpreted *Hartford* as indicating that even a delay of *less than* two months, if unexplained or unpersuasively explained, can be unreasonable as a matter of law. *See In re Colonial Penn Ins. Co. v. Pevzner*, 266 A.D.2d 391, 698 N.Y.S.2d 310 (2d Dep't 1999) (unjustified 41–day delay unreasonable as a matter of law); *Nationwide Mut. Ins. Co. v. Steiner*, 199 A.D.2d 507, 605 N.Y.S.2d 391, 392–93 (2d Dep't 1993) (unpersuasively explained 41–day delay unreasonable as a matter of law). At the same time, at least one court has found that under *Hartford* an insurer's unexplained delay of less than two months can be reasonable as a matter of law. *See Travelers Ins. Co. v. Volmar Constr. Co.*, 300 A.D.2d 40, 752 N.Y.S.2d 286, 289 (1st Dep't 2002) (finding, without explanation, an insurer's disclaimer offered 14 days after notice of accident from insured to be "timely as a matter of law").

Citing *Steiner* and *Pevzner*, Jetco argues on appeal that all unexplained or inadequately explained delays of 41 days or more are unreasonable as a matter of law. First Financial, by contrast, contends that *Hartford* establishes a bright-line rule: unexplained delays of over two months are unreasonable as a matter of law whereas all delays less than two months are unreasonable only according to the facts of each case. Although we doubt that *Hartford* was intended to be so rigidly applied, we conclude that we have insufficient guidance from the courts of New York confidently to decide at what point an insurer's delay in notification under N.Y. Ins. Law § 3420(d) is sufficiently lengthy that the delay must be deemed unreasonable in the absence of a legitimate excuse, or alternatively at what point a delay is sufficiently brief that no explanation is required. With respect to this un-settled issue of New York law, we respectfully certify the following question: If an investigation into alternate sources of insurance is not a proper basis for delayed notification under N.Y. Ins. Law § 3420(d), is an unexcused delay in notification of 48 days unreasonable as a matter of law under § 3420(d)?

## CONCLUSION

For the foregoing reasons, we respectfully certify the following two questions to the New York Court of Appeals: [4]

1. Under N.Y. Ins. Law § 3420(d), may an insurer who has discovered grounds for denying coverage wait to notify the insured of denial of coverage until after the insurer has conducted an investigation into alternate, third-party sources of insurance benefitting the insured, although the existence or non-existence of alternate insurance sources is not a factor in the insurer's decision to deny coverage?

2. If an investigation into alternate sources of insurance is not a proper basis for delayed notification under N.Y. Ins. Law § 3420(d), is an unexcused delay in notification of 48 days unreasonable as a matter of law under § 3420(d)?

In formulating the two questions as we have here, we do not mean to limit the Court of Appeals' response. The certified questions may be expanded or narrowed as the Court sees fit, and we welcome any further guidance the Court of Appeals elects to offer. This panel retains jurisdiction so that we may dispose of the appeal following the Court of Appeals' decision.

It is hereby ORDERED that the Clerk of this court transmit to the Clerk of the New York Court of Appeals a Certificate, as set forth below, together with a com-

---

4. Although the parties did not request a certification, we are empowered to pursue this course of action *nostra sponte*. *See* 2d Cir. R. § 0.27.

plete set of briefs and appendices filed in this court by the parties.

## CERTIFICATE

The foregoing is hereby certified to the New York Court of Appeals, pursuant to N.Y.C.C.R. tit. 22, § 500.17, and 2d Cir. R. § 0.27.