■ LAFRED VARELLA, Appellant, v AMERICAN TRANSIT INSURANCE COMPANY, Respondent. [762 NYS2d 253] —In an action pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated January 21, 2003, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

Insurance Law § 3420 (d) requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer learns of the grounds for disclaimer of liability (*see Matter of Firemen's Fund Ins. Co. of Newark v Hopkins,* 88 NY2d 836, 837 [1996]; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029 [1979]; *Uptown Whole Foods v Liberty Mut. Fire Ins. Co.,* 302 AD2d 592, 593 [2003]; *McGinnis v Mandracchia,* 291 AD2d 484, 485 [2002]; *City of New York v Northern Ins. Co. of N.Y.,* 284 AD2d 291 [2001]). The plaintiff submitted an affidavit of service by mail, dated March 22, 2002, of a judgment entered in his favor and against the insured. The defendant's claims manager did not deny receiving the judgment. The plaintiff's affidavit of service raised a presumption that a proper mailing occurred, and the defendant's papers failed to raise an issue of fact regarding service of the judgment (*see Engel v Lichterman,* 62 NY2d 943, 944 [1984]; *St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718, 719 [1994]; *Anchor Sav. Bank v Alpha Developers,* 143 AD2d 711, 713-714 [1988]; *Quantum Heating Servs. v Austern,* 100 AD2d 843, 844

[1984]). The defendant's delay of more than three months in disclaiming coverage on the ground of late notice of the underlying lawsuit in July 2002 was unreasonable as a matter of law (*see Uptown Whole Foods v Liberty Mut. Fire Ins. Co., supra*; *McGinnis v Mandracchia, supra*; *City of New York v Northern Ins. Co. of N.Y., supra*; *Matter of State Farm Mut. Ins. Co. v Pizzonia,* 147 AD2d 703, 704 [1989]). Accordingly, the plaintiff's motion for summary judgment to recover the unsatisfied judgment from the defendant should have been granted. Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.