■ TIMOTHY MANN, SR., et al., Plaintiffs, v GULF INSURANCE COMPANY, Defendant. (Action No. 1.) ALL WASTE SYSTEMS, INC., Respondent, v GULF INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants, et al., Third-Party Defendant. (Action No. 2.) [771 NYS2d 176]—

In related actions, inter alia, for a judgment declaring, among other things, that the defendant Gulf Insurance Company is obligated to defend and indemnify the plaintiff All Waste Systems, Inc., in two underlying actions which were pending in the Supreme Court, Orange County, one entitled *Mann v All Waste Sys.,* under Index No. 7848/97, and the other entitled *Hernandez v All Waste Sys.,* under Index No. 2751/98, the defendant in Action No. 2, Gulf Insurance Company, appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 10, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court entered January 15, 2003, which, upon the order, inter alia, declared that the defendant Gulf Insurance Company is obligated to indemnify the plaintiff All Waste Systems, Inc., and that its disclaimer was untimely.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On October 22, 1997, Timothy Mann, Sr., and Nathan Hernandez were injured when a truck owned by All Waste Systems, Inc. (hereinafter All Waste), struck their cherry picker truck which was parked along the side of a road while Mann and Hernandez were working. Mann and Hernandez brought separate actions to recover damages for their personal injuries. Mann suffered severe brain injuries.

In September 2000 the parties settled the two personal injury actions for a total of $4,500,000, with All Waste contributing $250,000, Empire Fire and Marine Insurance Company (hereinafter Empire), All Waste's primary insurer, contributing $1,000,000, and Gulf Insurance Company (hereinafter Gulf), All Waste's excess insurer, contributing $3,250,000. The settlement was made without prejudice to Gulf's disclaimer of its obligation to provide excess insurance coverage on the ground that the notification to it was untimely, in violation of All Waste's obligations under its insurance policy.

Empire was notified of the accident soon after it occurred. However, Gulf did not receive its first notice of the accident until November 1999—more than two years after the accident. At that time, Empire notified Gulf that it had received a settlement demand of $17,500,000 in the Mann personal injury action. By letter dated November 19, 1999, All Waste's litigation counsel, retained by Empire, notified Gulf that Empire was tendering its policy limits to counsel for Mann and Hernandez. On November 29, 1999, Gulf wrote Empire, stating that it was investigating the claim but that the late notification to Gulf had deprived it of its rights under the policy. Gulf also stated that it was investigating whether or not there was notification to insurance brokers who were its agents under the terms of the policy. By January 10, 2000, Gulf's coverage counsel opined that there were grounds to disclaim based upon late notice. Thereafter, by letter dated January 18, 2000, which followed up on his telephone call of January 10, 2000, to Gulf, and before Gulf's issuance of a formal disclaimer letter, All Waste's "personal

counsel" requested that Gulf examine certain items before determining whether or not to disclaim coverage. Gulf finally issued a formal notice of disclaimer on March 21, 2000.

Gulf's delay in formally disclaiming was unreasonable as a matter of law. Insurance Law § 3420 (d) requires that written notice of a disclaimer be given "as soon as is reasonably possible" after the insurer learns of the grounds for disclaimer of liability (*see Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029-1030 [1979]; *Uptown Whole Foods v Liberty Mut. Fire Ins. Co.,* 302 AD2d 592, 593 [2003]; *McGinnis v Mandracchia,* 291 AD2d 484, 485 [2002]). The basis for the disclaimer was apparent from the notices and information Gulf received by November 30, 1999. By that date, Gulf's vice-president and claims manager had investigated and ascertained that the brokers to whom notice was allegedly sent were not agents of Gulf. Thus, Gulf had sufficient facts to allow its claims manager to conclude, at the latest by the beginning of December 1999, that All Waste had breached the notice provisions of the policy. Therefore, Gulf's nearly four-month delay in disclaiming was unreasonable as a matter of law (*see Uptown Whole Foods v Liberty Mut. Fire Ins. Co., supra* at 593; *McGinnis v Mandracchia, supra* at 485; *Matter of Interboro Mut. Indem. Ins. Co. v Rivas,* 205 AD2d 536, 537 [1994]; *Mount Vernon Fire Ins. Co. v Gatesington Equities,* 204 AD2d 419, 420-421 [1994]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507, 508 [1993]; *see also First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64 [2003]). Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.