■ JOSEPH A. DIVINCENZO et al., Appellants, v PLAZA FARMS DEVELOPMENT, INC., Respondent, et al., Defendant. [703 NYS2d 647] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Defendant Plaza Farms Development, Inc. (Plaza) contracted with defendant Siltone Building Company (Siltone) to build a shopping mall and to purchase the property upon which the mall was to be located. Joseph A. DiVincenzo (plaintiff), an employee of Daniel R. Reimherr, individually and doing business as Doctor Carpentry, sustained injuries when he fell from an inadequate scaffold. Plaintiffs moved for partial summary judgment on liability against, *inter alia*, Plaza under Labor Law § 240 (1) and Plaza cross-moved for summary judgment dismissing the Labor Law §§ 200, 240 (1) and § 241 (6) claims.

Supreme Court erred in granting that part of Plaza's cross motion with respect to Labor Law § 240 (1) and in denying plaintiff's motion against Plaza with respect to that claim. We reject the contention of Plaza that it was not an owner within the meaning of Labor Law § 240 (1) or § 241 (6), because it did not control the work and was not in possession of the premises. A contract vendee who contracts to have the work performed by others and has an interest in the property is an "owner" pursuant to Labor Law § 240 (1) and § 241 (6) (*see, Lombardi v Stout,* 80 NY2d 290, 294, n 1; *Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 113-114, *lv denied* 56 NY2d 503).

The court properly granted that part of Plaza's cross motion with respect to Labor Law § 241 (6). Plaintiffs failed to allege that Plaza violated a provision of the Industrial Code mandating compliance with concrete specifications (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). Finally, Plaza established its entitlement to judgment with respect to Labor Law § 200, and plaintiffs failed to raise an issue of fact whether Plaza exercised supervisory control over the work that plaintiff was involved in at the time of the accident (*see, Lombardi v Stout, supra,* at 295).

We modify the order, therefore, by denying that part of Plaza's cross motion with respect to Labor Law § 240 (1) and granting plaintiffs' motion against Plaza with respect to that claim. (Appeal from Order of Supreme Court, Niagara County,

Joslin, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Scudder and Lawton, JJ.