■ KEVIN MCGINLEY, Appellant, v ODYSSEY RE (LONDON), Formerly Known as SPHERE DRAKE INSURANCE COMPANY, LTD., et al., Respondents. [790 NYS2d 13]—

Orders, Supreme Court, New York County (Rosalyn Richter,

J.), entered February 25, 2004 and March 4, 2004, respectively, which, inter alia, collectively granted the motion of defendants-respondents for summary judgment declaring that defendant insurer Odyssey Re is not obligated to provide coverage or payment for the judgment entered in the underlying personal injury action, unanimously affirmed, without costs.

Inasmuch as plaintiff's claims in the underlying personal injury action all arose by reason of the assault and battery committed against him on the premises of defendants' insured (see *Mount Vernon Fire Ins. Co. v Creative Hous. Ltd.*, 88 NY2d 347, 352 [1996]), and the policy issued by defendants to that insured contained an exclusion for assault and/or battery claims, it is clear that plaintiff's claims do not fall within the subject insured's coverage. Contrary to plaintiff's contention, the policy's liquor liability endorsement, which does not mention the assault and battery exclusion, does not purport to contradict or alter the exclusion's terms (see *County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [1994]). Nor is there merit to plaintiff's contention that defendants' disclaimer based upon the assault and battery exclusion, issued some 39 days subsequent to the insured's notice of claim, was untimely. Defendants have adequately explained the delay, which was occasioned by their diligent efforts to obtain the information and independent legal advice necessary to determine whether a disclaimer predicated upon the assault and battery exclusion would be proper (see *Structure Tone, Inc. v Burgess Steel Prods. Corp.*, 249 AD2d 144, 145 [1998]; *DeSantis Bros. v Allstate Ins. Co.*, 244 AD2d 183, 184 [1997], *lv denied* 91 NY2d 808 [1998]). Concur—Tom, J.P., Andrias, Friedman, Sullivan and Nardelli, JJ.