■ Danna Construction Corp. et al., Respondents, v Utica First Insurance Company, Appellant, et al., Defendant. [794 NYS2d 72]—

In an action for a judgment declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify Gregory Kirkham in an underlying personal injury action entitled *Chumsky v Danna Construction Corp.*, commenced in the Supreme Court, Kings County under index No. 2963/01, the defendant Utica First Insurance Company appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated January 14, 2004, which upon, in effect, granting its application pursuant to CPLR 3211 (c) to treat its motion to dismiss pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against it as one for summary judgment insofar as asserted against it, denied the motion and granted the plaintiffs' cross motion, in effect, for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify Gregory Kirkham in the underlying personal injury action entitled *Chumsky v Danna Construction Corp.*, commenced in the Supreme Court, Kings County under index No. 2963/01.

Pursuant to Insurance Law § 3420 (d), an insurer is required to provide the insured with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion and will be estopped from disclaiming liability or denying coverage if it fails to do so (*see Moore v Ewing*, 9 AD3d 484 [2004]). Timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage. It is the responsibility of the insurer to explain its delay, and an unsatisfactory explanation will render the delay unreasonable as a matter of law. An insurer's explanation is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]).

Here, the record demonstrated that the appellant insurer disclaimed coverage 78 days after receiving notice of the facts upon which its disclaimer was based. The Supreme Court properly determined that the insurer's delay was unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, *supra; Squires v Marini Bldrs.*, 293 AD2d 808 [2002]).

Since the action is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the appellant is obligated to defend and indemnify Gregory Kirkham in the underlying personal injury action (*see Lanza v Wagner*, 11 NY2d 317, 334

[1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The appellant's remaining contention is without merit. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.