■ LANCER INSURANCE COMPANY, Respondent, v T.F.D. BUS Co., INC., et al., Appellants, et al., Defendant. [795 NYS2d 70]—

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants T.F.D. Bus Co., Inc., and Michael A. Thomas in an action entitled *Lyons v Thomas*, commenced in the Supreme Court, Westchester County, under index No. 14941/92, the defendants T.F.D. Bus Co., Inc., Thomas E. Lyons, and Celeste M. Lyons separately appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), dated July 29, 2003, which, upon a jury verdict finding that there was an agreement between the plaintiff and T.F.D. Bus Co., Inc., to postpone the plaintiff's disclaimer of insurance coverage, inter alia, determined that there was no coverage under a business automobile liability policy issued by the plaintiff to the defendant T.F.D. Bus Co., Inc., for any claims, allegations, losses, costs, expenses, or judgments asserted by Thomas E. Lyons and Celeste Lyons in the underlying action, and declared that the plaintiff is not obligated to defend or indemnify T.F.D. Bus Co., Inc., or Michael A. Thomas in the underlying action and dismissed the defendants' counterclaims.

Ordered that the judgment is affirmed, with costs.

On February 14, 1989, Thomas E. Lyons sustained injuries in an automobile accident involving his car and a bus owned by the defendant T.F.D. Bus Co., Inc. (hereinafter TFD), and operated by the defendant Michael A. Thomas. In 1992 Thomas E. Lyons and Celeste M. Lyons brought an action, inter alia, to recover damages for personal injuries (hereinafter the underlying action). Later in 1992, upon the failure of TFD and Thomas to answer or appear, the Lyons' motion for leave to enter judgment on the issue of liability in their favor and against TFD and Thomas was granted. Following an inquest, the Lyons received a judgment for damages and on or about September 1997 TFD's bank accounts were restrained. At that time, TFD informed the plaintiff, Lancer Insurance Company (hereinafter Lancer), its insurer, of the underlying action and sought coverage under its liability insurance policy.

TFD subsequently moved to vacate the default judgment insofar as asserted against it. The motion initially was granted, but by order dated February 10, 1998, upon reargument, the Supreme Court directed that a hearing be held to determine whether TFD was properly served with process in the underlying action. The court made clear that the default judgment already previously rendered against Thomas was unaffected, and remained valid. On November 10, 1998, following the hearing in the underlying action, it was determined that TFD had been properly served, thus, in effect, reinstating the default judgment against TFD in the underlying action.

In this subsequent action for a declaration of the parties' respective rights and obligations under the subject insurance policy, Lancer claimed that it had an agreement with TFD to postpone a decision on coverage under the subject policy, and when it learned in the last week of January 1999 that TFD was not pursuing an appeal from the adverse determination following the hearing on the issue of service, it disclaimed coverage in early February 1999. The Supreme Court submitted to the jury the issue whether there was, in fact, a postponement agreement between Lancer and TFD. The jury responded in the affirmative. Based on our review of the record, we conclude that the evidence supports that conclusion.

Insurance Law § 3420 (d) requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer learns of the grounds for disclaimer of liability (*see First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64 [2003]; *Zappone v Home Ins. Co.,* 55 NY2d 131 [1982]; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028 [1979]). In this case, the modest delay from the time Lancer learned that TFD would not be pursuing an appeal with respect to the adverse determination at the traverse hearing (which meant the default judgment against it would stand) and Lancer's disclaimer—from the last week in January 1999 to early February 1999—was reasonable, and thus Lancer's disclaimer was timely, vitiating coverage under the subject policy (*see Town of Smithtown v National Union Fire Ins. Co.,* 191 AD2d 426 [1993]; *Commercial Union Ins. Co. v International Flavors & Fragrances, Inc.,* 822 F2d 267 [1987]).

The appellants' remaining contentions are without merit. H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.