■ MODERN CONTINENTAL CONSTRUCTION CO., INC., Plaintiff, v MIGUEL A. GIAROLA et al., Defendants and Third-Party Plaintiffs-Respondents. EVEREADY INSURANCE COMPANY, Third-Party Defendant-Appellant. [812 NYS2d 115]—

In an action to recover damages for negligence, and a third-party action, inter alia, for a judgment declaring that the third-party defendant is obligated to defend and/or indemnify the defendants in the main action, the third-party defendant appeals from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated August 15, 2005, as denied its cross motion for summary judgment, in effect, declaring that it is not obligated to defend and/or indemnify the defendants in the main action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the mat-

ter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the third-party defendant is not obligated to defend and/or indemnify the defendants in the main action.

On October 6, 2003 a truck owned by the defendant third-party plaintiff Great Sing Building Supply (hereinafter Great Sing) and operated by the defendant third-party plaintiff Miguel A. Giarola, swerved into a temporary concrete barrier in a construction zone on the Long Island Expressway (hereinafter the LIE), in the vicinity of Searingtown Road. No one was injured and no other vehicles were involved in the accident. The collision, however, caused approximately 10 five-gallon containers of roofing sealant to fall off the bed of the truck and spill onto the roadway. The truck itself was also damaged and had to be towed from the scene. The third-party defendant, Eveready Insurance Company (hereinafter Eveready), which allegedly insured the vehicle, was not notified of the accident at the time.

The construction zone where the accident occurred was under the care and control of the plaintiff, Modern Continental Construction Co. (hereinafter Modern), pursuant to an agreement between Modern and the New York State Department of Transportation. Modern alleges that, under that agreement, it was required to, and did, clean up the spill and repair the roadway, at a cost of $26,255.

On or about March 1, 2004 Modern notified Great Sing and Eveready that it would seek to recover the clean-up and repair costs it incurred as a result of Giarola's alleged negligence. On or about March 8, 2004 Eveready disclaimed coverage as to Great Sing and Modern for failure, inter alia, to provide timely notice under the policy. Two days after receiving Eveready's disclaimer letter, Great Sing notified its insurance broker of the accident. In November 2004 Modern commenced the main action against Great Sing and Giarola. The defendants, in turn, commenced a third-party action against Eveready to determine coverage. Insofar as is relevant to this appeal, Great Sing and Giarola moved, and Eveready cross-moved, for summary judgment in the third-party action, each seeking a declaration in its favor and against the other. The Supreme Court denied the motion and the cross motion. We reverse insofar as appealed from and grant Eveready's cross motion.

Where, as here, a policy of liability insurance requires that "prompt notice" of an accident or loss be given to the carrier, such notice must be given within a reasonable period of time. "[T]he insured's failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as

a matter of law, vitiates the contract" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d 742, 743 [2005] [citation and internal quotation marks omitted]).

A failure to give timely notice may be excused where the insured has a good-faith belief of nonliability, provided that belief is reasonable. However, "the insured's belief must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence . . . Additionally, the insured bears the burden of establishing the reasonableness of the proffered excuse" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc., supra* at 744 [internal quotation marks and citation omitted]).

Under the circumstances of this case, we find that Great Sing's notice of claim, made nearly five months after the accident, was untimely as a matter of law (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc., supra; Travelers Ins. Co. v Volmar Constr. Co.,* 300 AD2d 40 [2002]; *Zadrima v PSM Ins. Cos.,* 208 AD2d 529 [1994]), and that Great Sing's belief that it could not legally be held liable for any damage to the LIE caused by the alleged negligence of its driver, was unreasonable as a matter of law (*see* Vehicle and Traffic Law § 388 [1]; § 1219). Accordingly, Eveready's cross motion should be granted.

Eveready's remaining contention—that its disclaimer against Great Sing was also effective against Modern—is unpreserved for appellate review and, in any event, bears no relevance to the narrow issue before us, which concerns only Great Sing's contractual rights under the subject policy—not Modern's independent statutory rights, if any, under the Insurance Law (*see* Insurance Law § 3420 [a] [3]; [b] [1]; *Zimmerman v Tower Ins. Co. of N.Y.,* 13 AD3d 137 [2004]; *see also Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564 [1957], *affd* 4 NY2d 1028 [1958]). Accordingly, we express no view as to the timeliness of Modern's notice of claim, or the effectiveness of Eveready's disclaimer of coverage as to that party.

We note that since the third-party action seeks, in part, a declaratory judgment, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that Eveready is not obligated to defend and/or indemnify the defendants in the main action. Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.