■ Steven P. Schoenig, Respondent, v North Sea Insurance Company, Appellant, and Kevin J. Chisholm et al., Respondents. [813 NYS2d 189]—

In an action for a judgment declaring that the defendant North Sea Insurance Company is obligated to defend and indemnify the plaintiff, Steven P. Schoenig, in an underlying personal injury action entitled *Chisholm v Van Dood*, pending in the Supreme Court, Suffolk County, under index No. 29191/02, the defendant North Sea Insurance Company appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered January 14, 2005, which denied its motion for summary judgment, and granted the plaintiff's cross motion, inter alia, for summary judgment declaring that it was obligated to defend and indemnify the plaintiff, Steven P. Schoenig, in the underlying personal injury action.

Ordered that the order is reversed, on the law, with costs payable by the plaintiff, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant North Sea Insurance Company is not obligated to defend and indemnify the plaintiff, Steven P. Schoenig, in the underlying personal injury action entitled *Chisholm v Van Dood*, pending in the Supreme Court, Suffolk County, under index No. 29191/02.

Insurance Law § 3420 (d) requires an insurer to provide a written disclaimer "as soon as is reasonably possible." The reasonableness of the delay is measured from the time when the insurer "has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]). The insurer bears the burden of justifying any delay (*id.* at 69). "While Insurance Law § 3420 (d) speaks only of giving notice 'as soon as is reasonably possible,' investigation into issues affecting an insurer's decision whether to disclaim coverage obviously may excuse delay in notifying the policyholder of a disclaimer" (*id.* [citations omitted]).

The defendant North Sea Insurance Company (hereinafter North Sea) established its prima facie entitlement to judgment as a matter of law by demonstrating that it disclaimed coverage 21 days after it became aware that the plaintiff had breached the notice provision of the subject policy by failing to promptly notify North Sea once there was a reasonable possibility of the policy's involvement (*see Figueroa v Utica Natl. Ins. Group*, 16 AD3d 616, 616-617 [2005]; *Rondale Bldg. Corp. v Nationwide Prop. & Cas. Ins. Co.*, 1 AD3d 584, 585 [2003]). This delay in disclaiming coverage was reasonable under the circumstances of this case.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant North Sea Insurance Company is not obligated to defend and indemnify the plaintiff, Steven P. Schoenig, in the underlying personal injury action entitled *Chisholm v Van Dood*, pending in the Supreme Court, Suffolk County, under index No. 29191/02 (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.