NATURAL STONE INDUSTRIES, INC., et al., Respondents, v UTICA NATIONAL ASSURANCE COMPANY, Appellant, and TRANSCONTINENTAL INSURANCE COMPANY, Defendant. [833 NYS2d 168]—

In an action, inter alia, for a judgment declaring that the defendant Utica National Assurance Company is obligated to defend and indemnify the plaintiffs in two underlying personal injury actions entitled *Karim v Natural Stone Indus.*, and *Sattar v Natural Stone Indus.*, both pending in the Supreme Court, Queens County, under index Nos. 6031/03 and 1241/02, respectively, the defendant Utica National Assurance Company appeals from an order of the Supreme Court, Queens County (Hart, J.), dated April 24, 2006, which denied its motion for summary judgment in its favor.

Ordered that the order is reversed, on the law, with costs, the appellant's motion for summary judgment dismissing the complaint is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant Utica National Assurance Company is not obligated to defend and indemnify the plaintiffs in the two underlying personal injury actions entitled *Karim v Natural Stone Indus.* and *Sattar v Natural Stone Indus.*, both pending in the Supreme Court, Queens County, under index Nos. 6031/03 and 1241/02 respectively.

The defendant Utica National Assurance Company (hereinafter Utica) established its prima facie entitlement to summary judgment by demonstrating that it did not receive timely notice of the subject occurrence and properly disclaimed coverage (*see Schoenig v North Sea Ins. Co.*, 28 AD3d 462, 463 [2006]; *Modern Cont. Constr. Co., Inc. v Giarola*, 27 AD3d 431 [2006]; *Steinberg v Hermitage Ins. Co.*, 26 AD3d 426 [2006]).

In response, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Contrary to the plaintiffs' contention, their notice of claim, made six months after the accident, was untimely as a matter of law (*see Modern Cont. Constr. Co., Inc. v Giarola, supra* at 433), and their belief that they could not legally be held liable for any damages sustained by the plaintiffs in the underlying personal injury actions was unreasonable as a matter of law (*see* Labor Law § 240; *DiVincenzo v Plaza Farms Dev.*, 269 AD2d 842 [2000]) despite an indication that they would not be sued (*see E.B. Gen. Contr. v Nationwide Ins. Co.*, 189 AD2d 796 [1993]; *Platsky v Government Empls. Ins. Co.*, 181 AD2d 764 [1992]). Accordingly, Utica's motion for summary judgment should have been granted.

Since this is a declaratory judgment action, we remit the mat-

ter to the Supreme Court, Queens County, for the entry of a judgment declaring that Utica is not obligated to defend and indemnify the plaintiffs in the underlying personal injury actions. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.