■ TULLY CONSTRUCTION Co., INC., Appellant, v TIG INSURANCE Co., Respondent, et al., Defendants. [842 NYS2d 528]—

In an action, inter alia, for a judgment declaring, among other things, that the defendant TIG Insurance Co. is obligated to indemnify the plaintiff in the underlying actions entitled *Rubenstein v Tully Construction Co., Inc.*, in the Supreme Court, Kings County, under index No. 15025/02, and *Jones v Tully Construction Co., Inc.*, in the Supreme Court, Kings County, under index No. 23132/02, in the combined sum of $952,000, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Satterfield, J.), entered August 7, 2006, which, upon a decision of the same court dated May 16, 2006, inter alia, denied the plaintiff's motion for summary judgment and granted the defendant TIG Insurance Co.'s motion for summary judgment, among other things, declaring that TIG Insurance Co. is not obligated to indemnify the plaintiff in the underlying actions.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the order and judgment (*see* CPLR 5520 [c]), and it is further,

Ordered that the order and judgment is affirmed; and is it further,

Ordered that one bill of costs is awarded to the respondent.

On November 27, 2000 a vehicle operated by David Jones and owned by Debra Rubenstein hit a backhoe owned by the plaintiff Tully Construction Co., Inc. (hereinafter Tully), which was parked on the shoulder of the Staten Island Expressway. As a result of the collision, both Jones and Rubenstein, who was a passenger in the vehicle, were killed. At the time of the accident, Tully was insured by Zurich Insurance Co. (hereinafter Zurich) for liability claims up to $1,000,000 and carried an excess liability policy issued by the defendant TIG Insurance Co. (hereinafter TIG). Tully notified Zurich of the potential claims in December 2000. The estates of Jones and Rubenstein commenced wrongful death actions on April 16, 2002 and June 11, 2002, respectively.

By letter dated June 14, 2004 Tully advised TIG's Claims Department, inter alia, that in February 2001 Tully had notified TIG of a claim arising out of an incident that occurred on November 27, 2000. Receiving no reply to its June 14, 2004 let-

ter, Tully again wrote to TIG, by letter dated June 24, 2004, advising that, on November 27, 2000 Jones and Rubenstein crashed into Tully's parked backhoe and that Tully's broker had notified TIG about the accident on May 9, 2001. TIG informed Tully that it had no record of the prior notice alleged by Tully and that the June 24, 2004, letter constituted TIG's first notice of the claim. By letter to Tully dated August 5, 2004, TIG disclaimed coverage under Tully's policy with TIG based on late notice.

Pursuant to Insurance Law § 3420 (d), an insurer must give written notice of a disclaimer "as soon as is reasonably possible" after the insurer learns of the grounds for the disclaimer of liability (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]; *Reyes v Diamond State Ins. Co.*, 35 AD3d 830, 831 [2006]; *Lancer Ins. Co. v T.F.D. Bus Co., Inc.*, 18 AD3d 445, 446 [2005]; *Mann v Gulf Ins. Co.*, 3 AD3d 554, 556 [2004]; *McGinnis v Mandracchia*, 291 AD2d 484, 485 [2002]). An insurer's failure to do so precludes effective disclaimer or denial, even where the insured has failed to provide the insurer with timely notice of the claim (*see Matter of Allstate Ins. Co. v Cruz*, 30 AD3d 511, 512 [2006]; *Gregorio v J.M. Dennis Constr. Co. Corp.*, 21 AD3d 1056 [2005]; *Wasserheit v New York Cent. Mut. Fire Ins. Co.*, 271 AD2d 439, 440 [2000]; *see also Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d 772, 774 [2006]). "[T]imeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, at 68-69; *see Halloway v State Farm Ins. Cos.*, 23 AD3d 617, 618 [2005]; *Danna Constr. Corp. v Utica First Ins. Co.*, 17 AD3d 622, 623 [2005]).

It is the insurer's responsibility to explain its delay in giving written notice of disclaimer, and an unsatisfactory explanation will render the delay unreasonable as a matter of law (*see* 1 NY3d at 68; *Pennsylvania Lumbermans Mut. Ins. Co. v D & Sons Constr. Corp.*, 18 AD3d 843, 845 [2005]; 17 AD3d at 623; 271 AD2d at 440). An insurer's explanation is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay (*see First Fin. Ins. Co. v Jetco Contr. Corp.* at 68; *Danna Constr. Corp. v Utica First Ins. Co.* at 623). However, an insurer's delay in notifying the insured of a disclaimer may be excused when the insurer conducts an "investigation into issues affecting [its] decision whether to disclaim coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.* at 69; *see Schoenig v North Sea Ins. Co.*, 28 AD3d 462 [2006]). In that case, the burden is on the insurer to

demonstrate that its delay was reasonably related to its completion of a thorough and diligent investigation (*see Schulman v Indian Harbor Ins. Co.*, 40 AD3d 957 [2007]).

Here, even assuming Tully's June 14, 2004 letter was received by TIG, that letter cannot serve as the date of first notice to TIG since it contained insufficient information to provide grounds for a disclaimer of liability or denial of coverage and, in fact, professed that notice to TIG had been timely given. Thus, TIG's delay in disclaiming must be measured from Tully's June 24, 2004 letter until TIG's August 5, 2004 letter disclaiming coverage, a period of 42 days.

Tully contends that grounds for a disclaimer should have been readily apparent to TIG upon its receipt of the June 24, 2004 letter. However, the record reflects otherwise. A letter dated May 9, 2001, attached to Tully's June 24, 2004 letter to TIG indicated that Tully and Marsh USA, Inc. (hereinafter Marsh), Tully's broker, had agreed that Marsh would put TIG on notice of the claims. Moreover, according to an affidavit by a claims analyst from TIG, in a telephone conversation he had on June 30, 2004 with "William Ryan of Tully," Ryan was adamant that Marsh had given prior notice to TIG. Thus, TIG was presented with circumstances regarding Tully's late notice which warranted further investigation (*cf. Uptown Whole Foods v Liberty Mut. Fire Ins. Co.*, 302 AD2d 592, 593 [2003]).

Contrary to Tully's contention, TIG's moving papers demonstrated that it conducted an investigation before disclaiming based on late notice. Among other things, TIG contacted Zurich and requested the summonses and complaints and any pretrial reports. TIG also requested a copy of the primary insurance policy issued to Tully by Zurich, which was not received by TIG until July 26, 2004. TIG then waited 10 additional days before issuing its disclaimer in order to ascertain whether Ryan had obtained documentation from Marsh of the alleged prior notice to TIG. Under the particular circumstances of this case, TIG met its burden of demonstrating that its investigation was reasonably related to its completion of a thorough and diligent investigation into whether it had grounds for a disclaimer based on late notice. Therefore, its delay in disclaiming coverage was not unreasonable for purposes of Insurance Law § 3420 (d) (*see New York Cent. Mut. Fire Ins. Co. v Majid*, 5 AD3d 447, 448 [2004]; *DeSantis Bros. v Allstate Ins. Co.*, 244 AD2d 183, 184 [1997]). Accordingly, the Supreme Court properly denied Tully's motion for summary judgment and granted TIG's summary judgment motion. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.