■ J.C. CONTRACTING OF WOODSIDE CORP., Appellant, v INSURANCE CORPORATION OF NEW YORK, Respondent. [850 NYS2d 643]—In an action, inter alia, for a judgment declaring that the defendant Insurance Corporation of New York is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Roche v J.C. Contracting of Woodside Corp.*, pending in the Supreme Court, Kings County, under index No. 42787/03, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated October 20, 2006, which denied its motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Insurance Corporation of New York is not obligated to defend and indemnify the plaintiff in the underlying personal injury action entitled *Roche v J.C. Contracting of Woodside Corp.*, pending in the Supreme Court, Kings County, under index No. 42787/03.

The defendant Insurance Corporation of New York established its prima facie entitlement to judgment as a matter of law by showing that it did not receive timely notice of the subject occurrence and promptly disclaimed coverage on that ground (*see Natural Stone Indus., Inc. v Utica Natl. Assur. Co.*, 38 AD3d 862 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, its notice of claim—which was made approximately five months after the plaintiff was served with the summons and complaint in the

underlying action and while a motion for entry of a default judgment in the underlying action was pending—was untimely as a matter of law (see *Modern Cont. Constr. Co., Inc. v Giarola*, 27 AD3d 431 [2006]; *Pile Found. Constr. Co. v Investors Ins. Co. of Am.*, 2 AD3d 611 [2003]). Moreover, the plaintiff failed to offer any reasonable excuse for the delay (see *Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]; *Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40 [2002]).

Accordingly, the Supreme Court properly granted the defendant's cross motion and denied the plaintiff's motion. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying personal injury action (see *Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.