■ DYLEN MAGISTRO et al., Plaintiffs, v BUTTERED BAGEL, INC., Defendant/Third-Party Plaintiff-Respondent. SENECA INSURANCE COMPANY, Third-Party Defendant-Appellant. [914 NYS2d 192]—

In an action to recover damages for personal injuries, and a third-party action for a judgment declaring that the third-party defendant, Seneca Insurance Company, is obligated to defend and indemnify the defendant/third-party plaintiff, Buttered Bagel, Inc., in the personal injury action, Seneca Insurance Company appeals from an order of the Supreme Court, Nassau

County (LaMarca, J.), dated December 8, 2009, which granted the motion of Buttered Bagel, Inc., for summary judgment on the third-party complaint for a declaratory judgment in its favor, and denied its cross motion for summary judgment for a declaratory judgment in its favor.

Ordered that the order is reversed, on the law, with costs, the motion of Buttered Bagel, Inc., for summary judgment on the third-party complaint for a declaratory judgment in its favor is denied, the cross motion of Seneca Insurance Company for a declaratory judgment in its favor is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that Seneca Insurance Company is not obligated to defend or indemnify Buttered Bagel, Inc., in the personal injury action.

In 2006, the defendant/third-party plaintiff, Buttered Bagel, Inc. (hereinafter Buttered Bagel), was insured under a special business owners policy (hereinafter the policy), issued by the third-party defendant, Seneca Insurance Company (hereinafter Seneca). The policy provided that "[i]n the event of an occurrence, the insured shall give to the Company or its authorized agents, as soon as practicable, written notice containing: (1) particulars sufficient to identify the insured; (2) reasonably obtainable information with respect to the time, place and circumstances; and (3) names and addresses of the injured and of available witnesses." On June 29, 2006, while the policy was in effect, the infant plaintiff, Dylen Magistro (hereinafter Magistro), allegedly was injured on Buttered Bagel's premises when a table on which he was seated tipped over and landed on top of him. One and one-half years later, Magistro, by his mother, and his mother, individually, commenced this action and, on February 20, 2008, Buttered Bagel was served with the summons and complaint. The next day, Buttered Bagel's insurance broker gave notice of the action to Seneca, which had never before received any notice of the incident involving Magistro. By letter dated February 27, 2008, Seneca informed Buttered Bagel that it had received a copy of the summons and complaint and would investigate and defend the claim under a reservation of rights, "as you may or may not have reported this occurrence in a timely manner." On February 27, 2008, Seneca hired a firm to investigate the claim, and, on March 4, 2008, Buttered Bagel's President, Daniel Fleischman, gave a written statement disclosing that an employee of Buttered Bagel had informed him of the incident within one week after it occurred, including that Magistro and his mother had left the scene in an ambulance. Fleischman said that he had not notified his insurance broker

of the incident because the employee had not known Magistro's, or his mother's, name. Fleischman had heard nothing further about the incident until he was served with the summons and complaint. On March 8, 2008, Seneca received the investigator's report and forwarded it to "coverage counsel." By letter dated March 27, 2008, Seneca notified Buttered Bagel that it was disclaiming coverage because it had not been timely notified of the occurrence. Buttered Bagel commenced the third-party action seeking, inter alia, a judgment declaring that Seneca was obligated to defend and indemnify Buttered Bagel, inter alia, because Seneca's disclaimer was untimely. Buttered Bagel moved, and Seneca cross-moved, for summary judgment. The Supreme Court granted Buttered Bagel's motion and denied Seneca's cross motion. We reverse.

An insured has the burden of explaining a delay in giving notice of an accident to its insurer by showing that certain circumstances existed, such as lack of knowledge that an accident has occurred, so as to demonstrate that the delay was reasonable (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441-442 [1972]). Here, the only ground Fleischman proffered for not notifying Seneca of the incident was that he did not know the identity of Magistro or his mother. We find that Fleischman's knowledge of the facts of the underlying incident, including that an infant was removed from the premises in an ambulance, gave rise to an obligation to notify Seneca, without regard to whether he knew the name of the persons involved in the accident (*see id.* at 440).

Notwithstanding a delay in notice from its insured, however, "[a]n insurer must give written notice of a disclaimer of coverage 'as soon as is reasonably possible' . . . after 'it first learns of the accident or of grounds for disclaimer of liability or denial of coverage' " (*Matter of Allstate Ins. Co. v* Cruz, 30 AD3d 511, 512 [2006], quoting *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979], quoting Insurance Law § 3420 [d] [2]). Failure to do so precludes an effective disclaimer, even when the insured has failed in the first instance to provide timely notice of the claim (*see Matter of Temple Constr. Corp. v Sirius Am. Ins. Co.*, 40 AD3d 1109, 1112 [2007]; *Matter of Allstate Ins. Co. v Cruz*, 30 AD3d at 512). Moreover, the burden is on the insurer to explain the delay in disclaiming (*see Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d 1150, 1152 [2007]). An explanation will be insufficient as a matter of law when the basis for denial of coverage was or should have been readily apparent before the onset of the delay, unless the delay is excused by the insurer's showing that its delay was reasonably related to its completion

of a thorough and diligent investigation into issues affecting its decision whether to disclaim coverage (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]; *Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d at 1152-1153).

Here, contrary to the finding of the Supreme Court, Seneca did not have a readily apparent basis for disclaimer until it conducted an investigation into the underlying incident and Fleischman's awareness of the circumstances surrounding it (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 69; *Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d at 1152). Moreover, under the circumstances, Seneca's denial of coverage only three weeks after receiving the investigator's report and becoming aware that Fleischman had known that Magistro was removed from the scene in an ambulance, during which time it consulted with coverage counsel, was timely as a matter of law (*see Hermitage Ins. Co. v Arm-ing, Inc.*, 46 AD3d 620, 621 [2007]; *McGinley v Odyssey Re [London]*, 15 AD3d 218, 219 [2005]; *New York Cent. Mut. Fire Ins. Co. v Majid*, 5 AD3d 447, 448 [2004]; *State Farm Mut. Auto. Ins. Co. v Daniels*, 269 AD2d 860, 861 [2000]; *Silk v City of New York*, 203 AD2d 103, 104 [1994]).

Therefore, the order must be reversed, Buttered Bagel's motion for summary judgment denied, Seneca's cross motion for summary judgment granted, and the matter remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Seneca is not obligated to defend or indemnify Buttered Bagel in the personal injury action. Mastro, J.P., Fisher, Roman and Sgroi, JJ., concur.