■ THOMAS E. LYONS et al., Appellants, v LANCER INSURANCE COMPANY, Respondent. [36 NYS3d 889]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to satisfy a judgment in favor of the plaintiffs and against T.F.D. Bus Co., Inc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Walker, J.), entered May 9, 2014, which granted the defend-

ant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 1992, the plaintiffs commenced an action to recover damages for personal injuries sustained by the plaintiff Thomas E. Lyons as a result of a motor vehicle accident involving a bus owned by T.F.D. Bus Co., Inc. (hereinafter TFD). A judgment was entered in that action in favor of the plaintiffs and against TFD. In 1999, Lancer Insurance Company (hereinafter Lancer), TFD's insurer, commenced an action against TFD and the plaintiffs for a judgment declaring that it was not obligated to defend and indemnify TFD in the personal injury action. The plaintiffs separately asserted counterclaims seeking a judgment declaring that Lancer was obligated to indemnify TFD and satisfy any judgments resulting from the subject accident. A judgment was entered in the declaratory judgment action declaring that Lancer was not obligated to defend or indemnify TFD in the personal injury action and dismissing the counterclaims. On appeal, this Court affirmed the judgment in the declaratory judgment action (*see Lancer Ins. Co. v T.F.D. Bus Co., Inc.*, 18 AD3d 445 [2005]).

Subsequently, the plaintiffs commenced this action against Lancer, inter alia, for a judgment declaring that it is obligated to satisfy the judgment entered in the personal injury action in their favor and against TFD. The plaintiffs' claim is based upon insurance forms E and F, which were contained in the insurance policy Lancer issued to TFD. Lancer moved pursuant to CPLR 3211 (a) to dismiss the complaint, contending that the plaintiffs' claim is barred by the doctrine of res judicata.

The doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter (*see Matter of Josey v Goord*, 9 NY3d 386, 389 [2007]). The doctrine applies "not only to claims actually litigated but also to claims that could have been raised in the prior litigation. The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]). Here, Lancer established that the plaintiffs' claim that insurance forms E and F required Lancer to satisfy the judgment in their favor could have been raised in the prior declaratory judgment action. Accordingly, the plaintiffs' claim is precluded by the doctrine of res judicata, and the Supreme Court properly granted Lancer's motion to dismiss the complaint.

The parties' remaining contentions need not be reached in light of our determination. Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.