Matter of Foremost Ins. Co. v Beiter (2019 NY Slip Op 06492)





Matter of Foremost Ins. Co. v Beiter


2019 NY Slip Op 06492


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2018-05999
 (Index No. 602874/18)

[*1]In the Matter of Foremost Insurance Co., petitioner-respondent,
v
Susan Beiter, et al., respondents, Country-Wide Insurance Company, respondent-appellant.


Jaffe & Koumourdas, LLP, New York, NY (Jean H. Kang of counsel), for respondent-appellant.
Buratti Rothenberg & Burns, East Meadow, NY (Mitchell E. Pak of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Country-Wide Insurance Company appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 30, 2018. The order, without a hearing, granted the petition to permanently stay arbitration.
ORDERED that the order is reversed, on the law, with costs payable by the petitioner to the appellant, the petition is denied, and the proceeding is dismissed.
The petitioner's insured, the respondent Susan Beiter, was involved in a motor vehicle collision with the respondent Felix Diaz, who, at the time of the collision, was insured by the respondent Country-Wide Insurance Company (hereinafter Country-Wide). Beiter thereafter commenced a personal injury action against Diaz. At his deposition in that action, Diaz testified that he had two passengers in his vehicle at the time of the collision whom he had picked up and was transporting elsewhere, at the request of an acquaintance who ran a taxi service. Country-Wide notified Diaz that it was disclaiming coverage of the accident pursuant to the livery-vehicle exclusion under Diaz's insurance policy. Beiter then sent her insurer, the petitioner, a demand for arbitration of a claim for uninsured motorist benefits.
The petitioner commenced the instant proceeding, seeking a permanent stay of arbitration. The petitioner contended that Country-Wide's disclaimer of coverage was untimely such that Diaz was effectively insured. In an order dated March 30, 2018, the Supreme Court, without a hearing, granted the petition for a permanent stay of arbitration. Country-Wide appeals.
"Pursuant to Insurance Law § 3420(d), an insurance carrier is required to provide its insured and any other claimant with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion, and will be estopped from disclaiming liability or denying coverage if it fails to do so" (Key Fat Corp. v Rutgers Cas. Ins. Co., 120 AD3d 1195, 1197; see Insurance Law § 3420[d][2]). The timeliness of an insurer's disclaimer of coverage under Insurance Law § 3420(d) " is measured from the point in time when the insurer first learns of the grounds for disclaimer of [*2]liability or denial of coverage'" (First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 68-69, quoting Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054, 1056; see Country-Wide Ins. Co. v Preferred Trucking Servs. Corp., 22 NY3d 571, 575; Magistro v Buttered Bagel, Inc., 79 AD3d 822, 825).
Here, Country-Wide first learned about the possible grounds for disclaiming coverage under the livery-vehicle exclusion when Diaz was deposed, and sent a notice disclaiming coverage six days later. Thus, as a matter of law, Countrywide provided timely notice of its disclaimer (see Magistro v Buttered Bagel, Inc., 79 AD3d at 825; Schoenig v North Sea Ins. Co., 28 AD3d 462; New York Cent. Mut. Fire Ins. Co. v Majid, 5 AD3d 447, 447-448). The petitioner therefore failed to demonstrate that Diaz was insured, and its petition to permanently stay arbitration of Beiter's uninsured motorist claim should have been denied (see Matter of Auto One Ins. Co. v Forrester, 78 AD3d 1174).
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court