## Scottsdale Ins. Co. v Sisco Architectural Metals Co.

2025 NY Slip Op 30450(U)

February 4, 2025

Supreme Court, New York County

Docket Number: Index No. 153564/2022

Judge: Richard G. Latin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD G. LATIN**                 PART            46M

*Justice*

-------------------------------------------------------------------------------X

SCOTTSDALE INSURANCE COMPANY,                    INDEX NO.       153564/2022

                 Plaintiff,           MOTION DATE     09/05/2023

           - v -                               MOTION SEQ. NO.     001

SISCO ARCHITECTURAL METALS CO., EMMANUELLE
CASTILLO, SHANNON CONTRACTING LLC,MP 14          **DECISION + ORDER ON**
STREET PROPERTY LLC                                  **MOTION**

            Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86

were read on this motion to/for                    JUDGMENT - DEFAULT                    .

Upon the foregoing documents, and for the reasons spread across the record at oral argument, plaintiff's motion for summary judgment and default judgment, and defendants Shannon Contracting LLC and MP 14 Street Property LLC's cross-motion for summary judgment, are determined as follows:

This declaratory judgement action arises from a comprehensive general liability policy (the "Policy") issued by plaintiff Scottsdale Insurance Company ("Scottsdale") to defendant Sisco Architectural Metals Co. ("Sisco"). Plaintiff moves for summary judgment declaring that it is not required to defend and/or indemnify defendants, Sisco, MP 14th Street Property LLC ("MP 14"), or Shannon Contracting, LLC ("Shannon Contracting") (collectively, "Defendants") in connection with an underlying labor law action (the "Underlying Action"). Additionally, Plaintiff moves for a default judgment against Sisco, pursuant to CPLR 3215, for its failure to appear.

**153564/2022  SCOTTSDALE INSURANCE COMPANY vs. SISCO ARCHITECTURAL METALS CO.       Page 1 of 6
ET AL
Motion No.  001**

1 of 6

[* 1]

In response, MP 14 and Shannon Contracting (the "Moving Defendants") cross-move for summary judgment, seeking a declaration that Scottsdale is obligated to defend and indemnify Sisco, as the named insured, and MP 14 and Shannon Contracting, as additional insureds, in the Underlying Action. The Moving Defendants also argue that the default judgment against Sisco must be denied because the plaintiff failed to move for the default within one year.

## I.       Summary Judgment Motion

"'[T]he proponent of a summary judgment motion must make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[F]ailure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Ayotte*, 81 NY2d at 1063 [internal quotation marks and citation omitted]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of act which require a trial of the action" (*Alvarez*, 68 NY2d at 324; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman*, 49 NY2d at 562).

"Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *see also American Home Assur. Co. v Amerford Intl. Corp.*, 200 AD2d 472, 473 [1st Dept 1994]). On a summary judgment motion, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

153564/2022   SCOTTSDALE INSURANCE COMPANY vs. SISCO ARCHITECTURAL METALS CO.         Page 2 of 6
ET AL
Motion No.  001

2 of 6

"An insurance policy is a contract between the insurer and the insured. Thus, the extent of coverage…is controlled by the relevant policy terms…" (*Bond Lend Lease LMB, Inc. v Great Am. Ins. Co.*, 53 AD3d 140, 145 [1st Dept 2008]).

### A. MP 14

Plaintiff asserts that MP 14 is not entitled to additional insured coverage for the Underlying Action because there is no written contract or agreement between MP 14 and Sisco naming MP 14 as an additional insured, which is required by the Policy. In opposition, MP 14 asserts that it is entitled to additional insured status on the basis of a contract between Shannon Contracting and Sisco, which required that Sisco name Shannon Contracting and MP 14 as additional insureds.

The plain language of the Policy expressly provides that there must be a written agreement between the named insured and the organization seeking additional insured status.[1] "Where [an] insurance policy specifically provides that there must be a written agreement between the insured and the organization seeking coverage to add that organization as an additional insured, and no such agreement exists, such organization is not entitled to coverage as an additional insured" (*Structure Tone, Inc. v Nat. Cas. Co.*, 2014 N.Y. Slip Op. 30484[U] [N.Y. Sup Ct, New York County 2014], *affd* 130 AD3d 405, 406 [1st Dept 2015]). It is undisputed that there is no written agreement between Sisco and MP 14 naming MP 14 as an additional insured under the Policy. As such, MP 14 is not entitled to coverage under the Policy because it does not qualify as an additional insured (*see AB Green Gansevoort, LLC v Peter Scalamandre & Sons, Inc.*, 102 AD3d 425, 426 [1st Dept 2013]; *City of New York v Nova Cas. Co.*, 104 AD3d 410 [1st Dept 2013]).

---

[1] The Policy states that an additional insured includes "any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy" (*see* NYSCEF Doc. No. 27).

**153564/2022   SCOTTSDALE INSURANCE COMPANY vs. SISCO ARCHITECTURAL METALS CO.        Page 3 of 6
ET AL
Motion No.  001**

[* 3]

### B. Shannon Contracting

As to Shannon Contracting, Scottsdale asserts that coverage is barred by the Absolute Employee and Worker Injury and Liability Exclusion (the "Absolute Employee Exclusion"), which excludes coverage for bodily injuries to an employee of any insured. Shannon Contracting does not dispute that the Absolute Employee Exclusion applies but instead argues that Scottsdale's disclaimer on the basis of the exclusion was untimely and, as such, is waived a matter of law.

Insurance Law § 3420 (d) requires an insurer to give written notice of a disclaimer "as soon as is reasonably possible" after the insurer learns of the grounds for disclaiming liability (*Tully Const. Co., Inc. v TIG Ins. Co.*, 43 AD3d 1150, 1152 [2d Dept 2007]). "[T]imeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68 [2003]). "[A]n insurer's explanation is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (*id.*). However, a delay may be excused where the insurer conducts an "investigation into issues affecting an insurer's decision whether to disclaim coverage" (*id.*).

Here, Shannon Contracting tendered the claim for the Underlying Action on September 24, 2020. Plaintiff disclaimed coverage on the basis of the Absolute Employee Exclusion on November 25, 2020 (*see* NYSCEF Doc. No. 39).

Shannon Contracting argues that there is no reasonable excuse for this delay because the basis of the disclaimer is "obvious" from the face of the tender. This court disagrees. Though the tender stated that Sisco was the employer of the plaintiff in the Underlying Action, the complaint in the Underlying Action did not identify Sisco as the employer. Moreover, plaintiff contacted Sisco on October 6, 2020, a week after receiving the tender, and Sisco's principle stated that the

**153564/2022   SCOTTSDALE INSURANCE COMPANY vs. SISCO ARCHITECTURAL METALS CO. ET AL**
**Motion No.  001**

**Page 4 of 6**

4 of 6

[* 4]

plaintiff in the Underlying Action was not his employee. Additionally, the Worker's Compensation Board decision, dated October 16, 2020, noted that Sisco disputed the employee status of the plaintiff in the Underlying Action. Then, on November 2, 2020, MP 14 filed a third-party complaint in the Underlying Action, asserting that Sisco was the employer. Given this inconsistent information regarding the plaintiff's employer in the Underlying Action, the two-month delay in disclaiming coverage on the Absolute Employee Exclusion is reasonable and timely (*see Stabules v Aetna Life & Cas. Co*., 226 AD2d 138, 139 [1st Dept 1996] [finding a two-month delay reasonable where insurer was required to conduct an investigation into the claim]; *see also Tully Const. Co., Inc. v TIG Ins. Co.,* 43 AD3d 1150, 1153 [2d Dept 2007]; *cf. First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64, 69 [2003] [finding 48-day delay unreasonable where insurer investigated alternative sources of insurance that were not related the decision to deny coverage]).

## II.    Default Judgment against Sisco

When a party fails to appear or answer, its adversary may seek a default judgment from that party (CPLR 3215 [a]). CPLR 3215(c) requires a motion for default judgment be made within one year of the default. An untimely motion must be denied, and the complaint dismissed as abandoned, unless plaintiff provides "sufficient cause" as to why the complaint should not be dismissed (CPLR 3215 [c]).

Here, the complaint was filed on April 26, 2022, service was effectuated on Sisco on or about May 5, 2022, and Sisco was required to appear by June 5, 2022. Plaintiff filed the instant motion on September 5, 2023, fifteen months after the default. Though plaintiff did not move for a default within one year of Sisco's default, the record shows that plaintiff did not abandon the action (*see White Oak Commercial Fin., LLC v Goyal,* 63 Misc 3d 1208(A) [Sup Ct 2019]; *see*

**153564/2022   SCOTTSDALE INSURANCE COMPANY vs. SISCO ARCHITECTURAL METALS CO.**     **Page 5 of 6**
**ET AL**
**Motion No.  001**

[* 5]

5 of 6

*also Laourdakis v Torres*, 98 AD3d 892 [1st Dept 2012]). Plaintiff filed an RJI, contacted Sisco regarding the default, and engaged in discovery with the appearing defendants. Defendants have also made no showing of any prejudice from the mere three month delay (*see LaValle v Astoria Const. & Paving Corp.*, 266 AD2d 28, 28 [1st Dept 1999]).

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment and default judgment are granted; and it is further

ORDERED, ADJUDGED, and DECLARED that plaintiff Scottsdale has no obligation to defend or indemnify defendants Sisco, MP 14th Street, or Shannon Contracting; and it is further

ORDERED that the moving defendants' cross-motion is denied in all respects.

This constitutes the decision and judgment of the Court.

| 2/4/2025 | | | | | RICHARD G. LATIN, J.S.C. | |
|----------|---|---|---|---|---|---|
| **DATE** | | | | | | |
| **CHECK ONE:** | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | **X** | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**153564/2022   SCOTTSDALE INSURANCE COMPANY vs. SISCO ARCHITECTURAL METALS CO.**        **Page 6 of 6**
**ET AL**
**Motion No.  001**

[* 6]                                                                                                                                6 of 6